# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ROADSYNC, INC.,

      Plaintiff,

    v.

RELAY PAYMENTS, INC.,
SPENCER BARKOFF,
JAMES RYAN DROEGE,
and DOES 1-10,

      Defendants.

Case No. 1:21-CV-03420-MLB

# AMENDED STIPULATED PROTECTIVE ORDER

1.    A.  PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Amended Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 13.3, below, that this Amended Stipulated Protective Order does not entitle them to file confidential information under seal.

Any document, material, or other information designated as entitled to protection under this order, which is submitted to the Court in support of a pleading or motion, or introduced at a hearing, trial, or other proceeding in this action, may continue as protected material only by order of the Court in accordance with these procedures. If information entitled to protection under this order is submitted to the Court in support of a pleading or motion, such information shall maintain its protected status for ten (10) days. During this ten-day period, the party who

designated the information as protected may move the Court to continue the protected status of the information by filing a motion for continued protection. The moving party shall indicate whether the motion is opposed. If the motion is opposed, the opposing party shall have five (5) days from the date that the original motion is filed to file a response. A party who seeks to introduce protected information at a hearing, trial, or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the party who designated the information as protected requests the protection be continued, the Court will conduct an in camera review of the information to determine if the information is entitled to continued protection.

1.1     Protected Materials designated under the terms of this Protective Order shall be used by a Receiving Party solely for this action, and shall not be used directly or indirectly for any other purpose whatsoever.

1.2     Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

## B.  GOOD CAUSE STATEMENT

This action is likely to involve confidential or proprietary information, or trade secrets and other valuable research, development, commercial, financial, technical, or competitively sensitive information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, technical information regarding non-public software or software development, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), confidential third-party information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is

justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good-faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    <u>DEFINITIONS</u>

2.1    <u>Action</u>: the above-captioned litigation, *RoadSync, Inc. v. Relay Payments, Inc., et al.*, case no. 1:21-CV-03420-MLB, and any appeals therefrom.

2.2    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

<u>2.3</u>    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above in the Good Cause Statement.  A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, or commercially sensitive information.

2.4    <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or

items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—SOURCE CODE."

2.6     <u>Disclosure or Discovery Material</u>: all items or information, including from any non-party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

<u>2.7</u>     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     <u>"HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>:  Discovery Material that contains or reflects information that is extremely confidential or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.  The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation:  trade

secrets, pricing information, customer data compilations, financial data and analyses, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, third-party confidential information, and other non-public information of similar competitive and business sensitivity.

2.9   "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—SOURCE CODE" Information or Items:  Discovery Material that comprises or includes confidential, proprietary, or trade secretSource Code.

2.10   House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action, other than individuals subsequently identified as a Doe defendant.

2.12   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.13   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.14   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY – SOURCE CODE," as provided for in this Order.   Protected Material shall not include materials that have been actually published or publicly disseminated, or that are otherwise publicly available.

2.17   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18   Source Code: computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and

descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component.

3.   <u>SCOPE</u>

3.1   The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.2   Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

3.3   Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order<u>.</u>

<u>3.4</u>   Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected

Material to an individual who prepared the Protected Material.

3.5   Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

3.6   This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

4.   DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.
Each Party or Non-Party that designates information or items for protection under
this Order must take care to limit any such designation to specific material that
qualifies under the appropriate standards.  The Designating Party must designate for
protection only those parts of material, documents, items, or oral or written
communications that qualify so that other portions of the material, documents, items,
or communications for which protection is not warranted are not swept unjustifiably
within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations
that are shown to be clearly unjustified or that have been made for an improper
purpose (e.g., to unnecessarily encumber the case development process or to impose
unnecessary expenses and burdens on other parties) may expose the Designating
Party to sanctions.

If it comes to a Designating Party's attention that information or items that it
designated for protection do not qualify for protection, then that Designating Party
must promptly notify all other Parties that it is withdrawing the inapplicable
designation.

5.2    Available Designations.    Any Producing Party may designate

Discovery material with any of the following designations, provided it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—SOURCE CODE." A Producing Party may designate Discovery Material under each confidentiality designation, as defined in Section 2.

5.3    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.3(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, including "electronically stored information," as that phrase is used in <u>Federal Rule of Civil Procedure 34</u>, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the appropriate confidentiality designation listed in Paragraph 5.2, to each page that contains protected material.  The Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, or

communication in which the documentary files were contained.  The parties will be judicious in their designation of materials under this protective order and will not wholesale designate materials that do not warrant such protection under this order.

In the event that original documents are produced for inspection, the original documents shall be presumed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.  Then, before producing the specified documents, the Producing Party must affix the appropriate confidentiality designation to each page that contains Protected Material.

(b)    for testimony given in depositions or in other pretrial or trial proceedings, Parties or testifying persons or entities may, by and through counsel, designate depositions and other testimony with the appropriate designation by indicating on the record on the date the testimony is given.  Additionally, any Party shall have fifteen (15) days after receipt of the final transcript from the deposition or hearing to designate those portions of the testimony by specific page and line numbers that are deemed by the Party to include "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" information.  Pending this fifteen-day review, all transcripts will be treated as

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" unless otherwise designated on the record on the date the deposition is given or subsequently in writing.   Any Protected Material used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's Outside Counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate confidentiality designation.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d)    for electronic files and documents that are produced in native electronic format, such electronic files and documents shall be designated for

14

protection under this Order by inserting the relevant designation on slip sheets information indicating whether the file contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS'     EYES     ONLY,"     or     "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format.  A person seeking to use the image from a document produced in native file format shall abide by the appropriate designation of such image or document and confirm that no information has been altered.

5.4    Inadvertent Failures to Designate.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party may challenge a designation of confidentiality at any time, unless such challenges are otherwise limited by the Court's Scheduling Order, the Local Rules, and any other applicable rule(s) or order(s).

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute

resolution process under Local Rule 37.1(A) et seq. and Judge Brown's Standing Order on Discovery Disputes. The Parties shall make themselves available for a telephonic meet and confer within three business days of the Challenging Party making its challenge in writing.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Such Protected Material may be

16

disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

7.2    Secure Storage.  Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.3    Patent Prosecution Bar.  Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—SOURCE CODE" information produced by the Producing Party shall not be involved, directly or indirectly, in the prosecution of patents or patent applications in the areas of digital payment systems, invoicing, fee collection, payment authorization, and/or automation or business processes relating to the logistics industry and that relate to the substance of the Producing Party's "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—SOURCE CODE." For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims in a patent application or patent.

To avoid any doubt, "prosecution" as used in this paragraph does not include Outside Counsel of Record representing a party challenging (but not defending) a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, post grant review or *inter partes* review) provided, however, that they do not rely upon or use, directly or indirectly, the Producing Party's "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—SOURCE CODE" information in those proceedings.

This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this Action. This Prosecution Bar shall apply on an individual-by-individual basis and not to a law firm or to an entity.

7.4   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action,

as well as employees of said Outside Counsel of Record to whom disclosure is reasonably necessary for this Action;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     subject to the terms of Section 7.6(a) below, any outside experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and only to the extent necessary to perform their tasks, provided that such expert has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     a Receiving Party's insurer to whom disclosure is reasonably necessary for this Action and only to the extent necessary to perform their tasks (e.g., assess coverage or settlement proposals), provided that such insurer has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(e)     the Court and its personnel;

(f)     court reporters, stenographers, and videographers retained to record testimony taken in this action, and their staff;

(g)     professional jury or trial consultants, mock jurors, and

19

Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

> (h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

> (i)    during their depositions, witnesses, and attorneys for witnesses, from the Producing Party, whom the Producing Party has designated under Federal Rule of Civil Procedure 30(b)(6), or who were an author, addressee and/or intended recipient of the produced material.  In addition, anyone to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Amended Stipulated Protective Order;

> (j)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement

discussions; and

 (k) any other person with the prior written consent of the Producing Party.

 7.5 <u>Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—SOURCE CODE" Material Without Further Approval</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—SOURCE CODE" without further approval only to:

 (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom disclosure is reasonably necessary for this Action, but only those individuals whose duties and responsibilities in connection with this action require access to such Highly Confidential Information and who comply with the patent prosecution bar provisions of Section 7.3 above;

 (b) subject to the terms of Section 7.6(a) below, any outside experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and only to the extent necessary to perform their tasks,

provided that such expert has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the Court and its personnel;

(d)     court reporters, stenographers, and videographers retained to record testimony taken in this action, and their staff;

(e)     a Receiving Party's insurer to whom disclosure is reasonably necessary for this Action and only to the extent necessary to perform their tasks (e.g., assess coverage or settlement proposals), provided that such insurer has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of the document containing the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION provided that they (1) are a party or current employee of a party in this Action, (2) have signed the "Acknowledgment and Agreement to Be Bound" by the terms of this Protective Order (Exhibit A), (3) are reviewing the designated materials solely in the presence of, or at the offices of, outside counsel to the extent necessary in connection with the

prosecution or defense of this action, and (4) do not retain any electronic or hardcopies thereof; and further provided that this shall not apply to any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE;

(h)     during their depositions, witnesses, and attorneys for witnesses, from the Producing Party, whom the Producing Party has designated under Federal Rule of Civil Procedure 30(b)(6).  In addition, upon agreement between the parties, anyone to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Amended Stipulated Protective Order;

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j)     any other person with the prior written consent of the Producing Party.

7.6     <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY</u> <u>CONFIDENTIAL—ATTORNEYS' EYES ONLY" and "HIGHLY</u> <u>CONFIDENTIAL—ATTORNEYS' EYES ONLY—SOURCE CODE" Material to</u> <u>Experts</u>.  Unless agreed to in writing by the Designating Party:

(a)     A party seeking to disclose to an outside expert (as defined in this Order) retained by Outside Counsel of Record any material or information designated "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY— SOURCE CODE" must first make a written request to the Designating Party that (i) sets forth the full name of the expert and the city and state of his or her primary residence, (ii) attaches a copy of the expert's current resume, including a list of publications authored in the last 10 years, (iii) identifies the expert's current employer(s), (iv) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past four years, and (v) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report or testimony at deposition or trial, in the past four years.  If the expert believes any of the information at (iii)–(vi) is subject to a confidentiality obligation to a third party, then the expert

should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the Designating Party regarding any such confidentiality obligations.

(b)     The party who received the written request shall have seven (7) days after to object to the expert's receipt of any material or information designated "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—SOURCE CODE." After seven days, if no such objection is made, the party that makes a written request and provides the information specified in Section 7.6(a) may disclose the Designated Material to the identified expert.

(c)     If the party who receives the written request makes an objection pursuant to Paragraph 7.6(b), the Parties shall make themselves available for a telephonic meet and confer within three business days of the objection. Should the parties be unable to resolve the objection, then the Party objecting to the disclosure shall raise this matter with the Court pursuant to Judge Brown's Standing Order and request an Order restricting such person's access to the "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—SOURCE CODE" material.

Failure to raise this matter with the Court within seven (7) days after the parties'
conferral regarding the objection shall be deemed approval (unless this period is
tolled by agreement), and the proposed expert(s) shall thereafter by qualified to have
access to the "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS'
EYES ONLY", or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—
SOURCE CODE" material.

8.    SOURCE CODE

   8.1    Protocol for Remote Source Code Review.  This provision shall govern
remote Source Code review in light of travel and building access restrictions during
the COVID-19 public health emergency.  This provision shall be effective when
local conditions in the city in which the source code is located do not permit safe in-
person inspection of source code at the offices of the Designating Party's Outside
Counsel under Section 8.2 of this Protective Order, or upon mutual agreement of the
parties.

   (a)    Location of Remote Source Code Review:  Any "HIGHLY
CONFIDENTIAL—ATTORNEYS' EYES ONLY—SOURCE CODE" produced
in discovery shall be made available for inspection, in a native source code file
format allowing it to be reasonably reviewed and searched, during normal business
hours or at other mutually agreeable times, for remote review using a mutually

agreed-upon vendor.  The source code shall be made available for inspection on a secured virtualized environment that may be accessed on a locked down laptop that will be provided for the Receiving Party.  The Receiving Party shall not copy, remove or otherwise transfer any portion of the source code onto any recordable media or recordable device, including screen captures in the virtualized environment.  The locked down laptop provided for source code review shall be configured to prohibit installation of software as well as other security restrictions, including disabling all USB ports, Bluetooth access, print screen, and Snipping Tool. The review on a secured virtualized environment will be done over video conferencing in a shared screen session as set forth in Section 8.1(b) below.

(b)    Secured Virtualized Environment.  The Virtual Machine (VM) environment will consist of two VMs: Landing VM and Review VM.  The vendor shall maintain a Landing VM, which will start a remote desktop session into the Review VM by running the video conference software, sharing the screen only with the Receiving Party's expert and outside counsel of record, and handing over control to the Receiving Party to conduct the source code review.  For clarity, no employees or representatives of the Designating Party, including the Designating Party's outside counsel of record and experts and other consultants, shall have access to this shared screen session.  An analyst from the vendor shall operate the Landing VM,

start and stop control, and address session issues.  The Receiving Party shall maintain control of a Review VM, which will contain the tools and software specified by the Receiving Party for conducting the source code review.  The Receiving Party is responsible for complying with any licensing terms for such software analysis and software tools, including paying for any third-party costs or fees associated with providing those tools.  Only one person from the Receiving Party can have control of the Review VM at a time.  The VM environment shall be available only at scheduled times and access-controlled by the parties' agreed-upon vendor.  The VM environment shall not have internet access besides running the video conferencing software.

(c)    Audit Rights.  The Designating Party may visually monitor the physical activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying or transmission of the source code.  Prior to initiating any source code review, the Receiving Party's representative(s) will begin a videoconference session (separate from the session initiated by the vendor) whereby the Designating Party can visually monitor the physical activities of the representatives during the review.

8.2    Location and Supervision of Inspection.  This provision shall govern Source Code review when local conditions in the city in which the source code is

28

located permit safe in-person inspection of source code at the offices of the Designating Party's Outside Counsel under this paragraph, or upon mutual agreement of the parties.   Any "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—SOURCE CODE" produced in discovery shall be made available for inspection, in a native source code file format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Designating Party's counsel or another mutually agreeable location.   The source code shall be made available for inspection on a secured computer in a secured room, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.   The Designating Party may visually monitor the physical activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying or transmission of the source code.

 8.3 <u>Software to Assist Review</u>.  Notwithstanding any provision above, the Receiving Party may request, and the Designating Party shall not unreasonably deny, the use of specifically identified software that will assist in the source code review such as software facilitating the search or comparison of source code, but will not permit the recording, copying or transmission of the source code.  The Receiving

Party shall identify the requested software (e.g., by providing a link to the software website) at least ten days in advance of the agreed-upon date of the source code review, and it shall be the Designating Party's responsibility to ensure the requested software is installed on the secured computer prior to the review.  To the extent there is a fee associated with the requested software, it shall be the Receiving Party's responsibility to pay such fee.

8.4    Request for Inspection.  Prior to the first inspection of any requested Source Code, the Receiving Party shall provide ten days' notice of the Source Code that it wishes to inspect.  The Receiving Party shall provide seven days' notice prior to any additional inspections.  Each inspection period may span multiple consecutive days (excluding weekend days) without the need for additional seven days' notice. For an inspection period spanning multiple consecutive days, the Receiving Party shall provide notice during regular business hours if it intends to continue the inspection on the following business day.

8.5    Paper Copies of Source Code Excerpts.  The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, other papers or for deposition or trial.  Any source code printing must be on 8.5" x 11" paper with a font no smaller than Courier 10 pt, and shall not exceed three copies per requested

portion of source code.  Any printed portion that consists of more than fifteen pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy.  The Receiving Party may print out a maximum of one hundred fifty (150) pages total, but may request to print additional pages (up to another 150 pages per request) upon demonstration of need, which the Designating Party will not unreasonably deny.  The Designating Party shall provide all such source code in paper form, including Bates numbers and the label "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—SOURCE CODE."

8.6   <u>Access Record.</u>  The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form, and shall maintain all paper copies of any printed portions of the source code in a secured, locked area.  The Receiving Party shall not convert any of the information contained in the paper copies into any electronic format other than for the preparation of a pleading, exhibit, expert report, discovery document, deposition transcript, or other court document.  Any paper copies used during a deposition shall be retrieved at the end of each day and must not be left with a court reporter or any other unauthorized individual.

8.7   For depositions, the Receiving Party shall not bring copies of any

printed Source Code.  Rather, at least three days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring three printed copies of those portions to the deposition for use by the Receiving Party. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the Producing Party's outside counsel for secure destruction in a timely manner following the deposition.

8.8    Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code).  Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a

filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate.  If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order.  Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored.  Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY—SOURCE CODE" as provided for in this Order.

9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Protected Material, that Party must:

(a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Amended Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions

should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful subpoena or directive from another court.

10.   **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)   The terms of this Order are applicable to information produced by a Non-Party in this Action designated as Protected Material.  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party with a copy of the Amended Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by

the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party shall produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Amended Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.  <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in <u>Federal Rule of Civil Procedure 26(b)(5)(B)</u>.  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to <u>Fed. R. Evid. 502(d)</u>, the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  Until a non-waiver order is entered, information that contains privileged matter or attorney work product shall be immediately returned, or destroyed and certified as such, if such information appears on its face to have been inadvertently produced or if notice is provided of inadvertent production.  Once the Producing Party provides notice of inadvertent production, the Receiving Party may not use the contents of the inadvertently produced document to challenge its privilege designation.

13.  <u>MISCELLANEOUS</u>

13.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   <u>Right to Assert Other Objections</u>.   By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Amended Stipulated Protective Order.   Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   <u>Filing Protected Material</u>.   A party who seeks to introduce protected information at a hearing, trial, or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the party who designated the information as protected requests the protection be continued, the Court will conduct an in camera review of the information to determine if the information is entitled to continued protection.

14.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.   As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.   Whether the Protected Material is returned or destroyed, the Receiving

Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings or monetary sanctions.

SO ORDERED this 2nd day of December, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

[CONSENT PAGE FOLLOWS]

**CONSENTED TO BY:**

Dated: November 28, 2022

*/s/ Ben E. Fox*

Benjamin E. Fox, Georgia Bar No. 329427
Frank M. Lowrey IV, Georgia Bar No. 410310
**Bondurant, Mixson & Elmore, LLP**
1201 W. Peachtree Street, NW, Ste. 3900
Atlanta, GA 30309
Tel: (404) 881-4100
Fax: (404) 881-4111
lowrey@bmelaw.com
fox@bmelaw.com

Michael A. Jacobs (admitted *pro hac vice*)
**Morrison & Foerster LLP**
425 Market Street
San Francisco, CA 94105
Tel: (415) 359-7631
Fax: (415) 276-7455
mjacobs@mofo.com

Benjamin J. Fox (admitted *pro hac vice*)
**Morrison & Foerster LLP**
707 Wilshire Boulevard
Los Angeles, CA  90017-3543
Tel: (213) 892-5200
Fax: (213) 892-5454
bfox@mofo.com

Kyle Mooney (admitted *pro hac vice*)
**Morrison & Foerster LLP**
250 West 55th Street
New York, NY 10019
Tel: (212) 468-8000
Fax: (212) 468-7900
kmooney@mofo.com

*Counsel for Plaintiff*

*/s/ Michael A. Caplan*
Michael A. Caplan
Georgia Bar No. 601039
Jessica A. Caleb
Georgia Bar No. 141507
Jarred A. Klorfein
Georgia Bar No. 562965
**Caplan Cobb LLP**
75 Fourteenth Street, N.E., Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604
mcaplan@caplancobb.com
jcaleb@caplancobb.com
jklorfein@caplancobb.com

Andrew J. Rossman (admitted *pro hac vice*)
Ellyde R. Thompson (admitted *pro hac vice*)
**Quinn Emanuel Urquhart & Sullivan, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100
andrewrossman@quinnemanuel.com
ellydethompson@quinnemanuel.com

Ryan Landes (admitted *pro hac vice*)
**Quinn Emanuel Urquhart & Sullivan, LLP**
865 Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
ryanlandes@quinnemanuel.com

*Counsel for Defendants*

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Amended

Stipulated Protective Order that was issued by the United States District Court for

the Northern District of Georgia on [_____] [____], 2022 in the case

of *RoadSync, Inc. v. Relay Payments, Inc., et al.*, Case No. 1:21-CV-03420-MLB.

I agree to comply with and to be bound by all the terms of this Amended Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is

subject to this Amended Stipulated Protective Order to any person or entity except

in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Northern District of Georgia for the purpose of enforcing the terms of

this Amended Stipulated Protective Order, even if such enforcement proceedings

occur after termination of this action.

NY-2480285

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

NY-2480285