# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

ROADSYNC, INC.,

    Plaintiff,

v.

RELAY PAYMENTS, INC.,
SPENCER BARKOFF, and
JAMES RYAN DROEGE,

    Defendants.

Case No. 1:21-CV-03420-MLB

## ROADSYNC'S OPPOSITION TO DEFENDANTS' CORRECTED MOTION TO COMPEL PLAINTIFF TO PROVIDE A MORE PARTICULARIZED <u>IDENTIFICATION OF ITS SOURCE CODE TRADE SECRETS</u>

# <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

TABLE OF AUTHORITIES ................................................................. iii

INTRODUCTION ............................................................................. 1

FACTUAL BACKGROUND ............................................................. 2

    A.    Defendants' Theft and Unauthorized Use of RoadSync's
          Trade Secret Source Code ....................................................... 2

    B.    RoadSync's Identification of Trade Secret Source Code .................... 4

    C.    Defendants' Continuing Efforts to Stonewall Discovery ................... 5

ARGUMENT .................................................................................. 5

I.    DEFENDANTS' WHOLESALE REFUSAL TO PARTICIPATE IN
    SOURCE CODE DISCOVERY IS IMPROPER AND IS
    INTERFERING WITH ROADSYNC'S RIGHTS UNDER RULE 26 ........ 5

II.    ROADSYNC IDENTIFIED ITS TRADE SECRET SOURCE CODE
    WITH REASONABLE PARTICULARITY ................................... 8

    A.    RoadSync's Identification Satisfies the "Reasonable
          Particularity" Standard in This Circuit ................................... 8

          1.    RoadSync's identification puts Defendants on notice of
               its claims and allows them to discern the relevancy of
               discovery requested ................................................... 8

          2.    Defendants mischaracterize RoadSync's trade secret
               identification to demand particularity beyond what is
               "reasonably necessary" ............................................... 11

          3.    The level of particularity in RoadSync's identification is
               consistent with policy considerations in this District ............. 14

          4.    The policy considerations cited by Defendants do not
               support their position ................................................. 16

    B.    Defendants Urge Application of the Wrong Legal Standard ............ 19

          1.    Defendants rely heavily on cases applying California
               law, which by statute includes an identification
               requirement not found in the DTSA or GTSA ...................... 19

# <u>TABLE OF CONTENTS</u>
(continued)

**<u>Page</u>**

    2.    Defendants argue the merits and seek to impose a summary judgment standard now, not the proper discovery standard................................................................22

III.    NO AUTHORITY SUPPORTS ORDERING A "FINAL" TRADE SECRET IDENTIFICATION BY PLAINTIFF AT THIS STAGE ............23

CONCLUSION .......................................................................................24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A&P Tech., Inc. v. Lariviere*,
No. 1:17-cv-534, 2017 WL 6606961,
2017 U.S. Dist. LEXIS 211822 (S.D. Ohio Dec. 27, 2017) .................................7

*Adacel, Inc. v. Adsync Techs., Inc.*,
No. 6:18-cv-1176-Orl-78EJK, 2020 WL 10056046,
2020 U.S. Dist. LEXIS 256170 (M.D. Fla. July 13, 2020) ................................14

*Advanced Modular Sputtering, Inc. v. Superior Court*,
132 Cal. App. 4th 826 (2005) ...........................................................................20

*Alcoa, Inc. v. Universal Alloy Corp.*,
No. 1:15-CV-01466-ELR, 2015 WL 13753187,
2015 U.S. Dist. LEXIS 194547 (N.D. Ga. Oct. 20, 2015) ................................15

*Amendia, Inc. v. Omni Surgical, LLC*,
C.A. No. 1:12-CV-1168-CC, 2012 WL 13014584,
2012 U.S. Dist. LEXIS 203113 (N.D. Ga. May 15, 2012)................................16

*Amendia, Inc. v. Omni Surgical, LLC*,
C.A. No. 1:12-CV-1168-CC, 2012 WL 13014585,
2012 U.S. Dist. LEXIS 205429 (N.D. Ga. June 8, 2012)..............................9, 20

*Argos USA LLC v. Young*,
No. 1:18-CV-02797-ELR, 2021 WL 3081332,
2021 U.S. Dist. LEXIS 140387 (N.D. Ga. Feb. 2, 2021) ................................16

*Big Vision Private Ltd. v. E.I. DuPont De Nemours & Co.*,
1 F. Supp. 3d 224 (S.D.N.Y. 2014) ..................................................................13

*Black & Decker (U.S.) Inc. v. Techtronic Indus., Co., Ltd.*,
Nos. 1:08-cv-01002-JDB/egb, 1:07-cv-01201-JDB/egb, 2009 WL
3762947 (W.D. Tenn. May 14, 2009) ...............................................................22

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

## Cases

*Bytemark, Inc. v. Xerox Corp.*,
 No. 17 Civ. 1803 (PGG), 2022 WL 120980,
 2022 U.S. Dist. LEXIS 5692 (S.D.N.Y. Jan. 11, 2022) ....................................17

*Compuware Corp v. IBM Corp.*,
 No. 02-CV-70906 CASE A, 2003 WL 23212863,
 2003 U.S. Dist. LEXIS 24894 (E.D. Mich. Dec. 19, 2003) ......................... 11-12

*Contour Data Sols. LLC v. Gridforce Energy Mgmt. LLC*,
 C.A. No. 20-32412021 WL 5541787,
 2021 U.S. Dist. LEXIS 230183 (E.D. Pa. Jan. 19, 2021)....................................7

*Decision Insights, Inc. v. Sentia Grp., Inc.*,
 311 F. App'x 586 (4th Cir. 2009) ....................................................................10

*DeRubeis v. Witten Techs., Inc.*,
 244 F.R.D. 676 (N.D. Ga. 2007) ...............................................................*passim*

*Diamond Power Int'l, Inc. v. Davidson*,
 540 F. Supp. 2d 1322 (N.D. Ga. 2007)............................................................22

*Glob. Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*,
 No. 3:11-cv-00793-RCJ-VPC, 2012 WL 3884939,
 2012 U.S. Dist. LEXIS 126550 (D. Nev. Sept. 6, 2012)...................................15

*Grimes v. Sysco Corp.*,
 No. 1:18-cv-638-MLB, 2021 WL 2549699,
 2021 U.S. Dist. LEXIS 117561 (N.D. Ga. Jan. 20, 2021).................................23

*IDX Sys. Corp. v. Epic Sys. Corp.*,
 285 F3d 581 (7th Cir. 2002) ............................................................................13

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

<u>**Cases**</u>

*irth Sols., LLC v. Apex Data Sols. & Servs., LLC*,
No. # 18-CV-6884-FPG, 2019 WL 283831,
2019 U.S. Dist. LEXIS 10290 (W.D.N.Y. Jan. 22, 2019)..................................23

*Jabil Inc. v. Essentium, Inc.*,
No. 8:19-cv-1567-T-23SPF, 2020 WL 708140,
2020 U.S. Dist. LEXIS 24371 (M.D. Fla. Feb. 12, 2020)...........................18, 22

*Lowery v. AmGuard Ins. Co.*,
No.: 1:20-cv-05148-TWT, 2022 WL 4596690,
2022 U.S. Dist. LEXIS 180237 (N.D. Ga. May 2, 2022)....................................5

*Masimo Corp. v. Apple Inc.*,
No. SACV 20-48 JVS (JDEx), 2020 WL 5215308,
2020 U.S. Dist. LEXIS 161589 (C.D. Cal. July 14, 2020)..................................7

*Mobilitie Mgmt., LLC v. Harkness*,
No. 1:16-cv-04396, 2018 WL 7858685,
2018 U.S. Dist. LEXIS 239829 (N.D. Ga. July 10, 2018) ............................8, 10

*Neothermia Corp. v. Rubicor Med., Inc.*,
345 F. Supp. 2d 1042 (N.D. Cal. 2004).............................................................24

*Power Integrations, Inc. v. Silanna Semiconductor N. Am., Inc.*,
No. 19-1292-LPS, 2020 WL 3508078,
2020 U.S. Dist. LEXIS 113688 (D. Del. June 29, 2020) ..................................13

*SL Montevideo Tech., Inc. v. Eaton Aerospace, LLC*,
491 F.3d 350 (8th Cir. 2007) ............................................................................23

*St. Jude Med. S.C., Inc. v. Janssen-Counotte*,
305 F.R.D. 630 (D. Or. 2015)......................................................................14, 15

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

<u>**Cases**</u>

*StoneEagle Servs., Inc. v. Valentine*,
   No. 3:12-cv-1687-P, 2013 WL 9554563,
   2013 U.S. Dist. LEXIS 188512 (N.D. Tex. June 5, 2013) ................................24

*Storagecraft Technology Corporation v. Symantec Corporation*
   No. 2:07 cv 856 CW, 2009 WL 361282,
   2009 U.S. Dist. LEXIS 10608 (D. Utah Feb. 11, 2009) ......................................9

*Syngenta Seeds, LLC v. Warner*,
   No. 20-1428 (ECT/BRT), 2022 WL 696156,
   2022 U.S. Dist. LEXIS 43209 (D. Minn. Jan. 12, 2022) ..................................24

*Uni-Sys., LLC v. U.S. Tennis Ass'n*,
   No. 17 CV 147 (KAM) (CLP), 2017 WL 4081904,
   2017 U.S. Dist. LEXIS 148680 (E.D.N.Y. Sept. 13, 2017) ..............................15

*Vesta Corp. v. Amdocs Mgmt. Ltd.*,
   147 F. Supp. 3d 1147 (D. Or. 2015) ..................................................................12

*Von Holdt v. A-1 Tool Corp.*,
   No. 04 C 4123, 2005 WL 8180783,
   2005 U.S. Dist. LEXIS 64515 (N.D. Ill. June 1, 2005)......................................24

*WeRide Corp. v. Huang*,
   379 F. Supp. 3d 834 (N.D. Cal. 2019)........................................................19, 20

*Xerox Corp. v. IBM Corp.*,
   64 F.R.D. 367 (S.D.N.Y. 1974) ........................................................................13

*Xtec, Inc. v. Cardsmart Techs., Inc.*,
   NO. 11–22866–ClV–ROSENBAUM, 2014 WL 10268426,
   2014 U.S. Dist. LEXIS 184604 (S.D. Fla. May 15, 2014)............................9, 10

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

**Statutes**

Cal. Code Civ. Proc. § 2019.210 ...............................................................19

**Other Authorities**

Fed. R. Civ. P. 26(a)(2)(D)(i) ...................................................................21

Fed. R. Civ. P. 26(b)(1)..............................................................................5

Fed. R. Civ. P. 26(e)(1)............................................................................23

Fed. R. Civ. P. 26(e)(1)(A) ..............................................................15, 16

Sedona Conference, *The Sedona Conference Commentary on the Proper Identification of Asserted Trade Secrets in Misappropriation Cases: A Project of the Sedona Conference Working Group on Trade Secrets*, 22 Sedona Conf. J. 223 (2021)..............11, 18

**INTRODUCTION**

The parties have five more months to complete fact discovery on Defendants' coordinated theft and misuse of RoadSync's trade secrets and confidential information.  For three months, Defendants have unilaterally granted themselves a partial stay of discovery while objecting to RoadSync's trade secret identification.  They have done so *without seeking a protective order* and by ignoring the Court's ruling at the motion-to-dismiss stage that RoadSync's claims are permitted to go forward.  No basis exists for this self-help.  RoadSync is entitled to full discovery, including on its non-trade secret claims.  RoadSync identified its trade secret source code with the reasonable particularity required by the DTSA.  Defendants have had access to RoadSync's trade secret source code for months.  No facts or law justifies the one-sided discovery Defendants demand here.

Defendants seek to impose an undue burden on RoadSync by "charting" each piece of trade secret source code.  Their motion misstates the record, raises merits issues that are not ripe at this stage, and urges the Court to apply inapplicable legal standards.  It also seeks extraordinary relief requiring RoadSync to provide a "final" identification of its trade secrets *before* Defendants provide

any relevant discovery.  In doing so, it ignores the stage of this case, the law of this District, and this Court's guidance at the last hearing.

Although Defendants' motion seeks to cover far more, the issue presented here is straightforward:  whether RoadSync's identification is sufficiently particular to put Defendants on notice of its claims and to allow them to discern the relevancy of discovery requested of them.  It is.  Defendants' motion should be denied, and Defendants ordered to comply fully with their discovery obligations.

## FACTUAL BACKGROUND

### A.  Defendants' Theft and Unauthorized Use of RoadSync's Trade Secret Source Code

RoadSync's Checkout™ is an innovative software solution to automate mobile invoicing and payments for the logistics industry.  RoadSync's engineers developed Checkout™ at significant expense from 2015 to 2018, including by writing and compiling the software's source code.  (Lin Decl.[1] ¶¶ 5-7.)

Defendant Droege is a former officer of RoadSync and had access to the company's source code, including the code for Checkout™.  (D.I. 76-1 [Droege Tr.] at 43:19-47:9.)  He maintained a copy of RoadSync's source code on his

---

[1] Declaration of Jimmy Lin in Support of RoadSync, Inc.'s Opposition to Motion to Compel, filed concurrently.

company-issued laptop.[2]  (Compl. ¶ 51.)  One day before their termination, defendants Droege and Barkoff coordinated the unlawful downloading of the contents from RoadSync's cloud storage drive and attempted to conceal that theft by deleting download receipts and purging other company emails.  (D.I. 76-1 at 79:7-80:10, 87:4-89:3, 92:6-8.)  Droege also took the RoadSync laptop used for the unauthorized download and containing source code, rather than returning it as his employment and confidentiality agreements required.  (*Id.* at 75:24-78:11.) Droege and Barkoff subsequently founded Relay Payments, Inc. to compete directly with RoadSync by offering software that mimics key features of Checkout™.

RoadSync's Complaint describes Droege's access to RoadSync's confidential and trade secret source code for Checkout™ and the functionalities in Relay's software that mimic Checkout™.  (Compl. ¶¶ 51, 56-64.)  Defendants' theft and unauthorized use of RoadSync's source code form one of the bases for RoadSync's claims for trade secret misappropriation and breach of confidentiality agreements and fiduciary duties.  (*Id.* ¶¶ 36, 70, 85, 96-98, 107-109.)

---

[2] Mr. Droege failed to provide a direct answer to whether the company-issued laptop he took contained RoadSync source code.  (D.I. 76-1 at 44:13-25.)  His inability to answer underscores the importance of discovery in this case.

**B.     RoadSync's Identification of Trade Secret Source Code**

RoadSync identified its trade secret source code on the first day of discovery.  This identification included (i) descriptions of the functionalities in RoadSync's Checkout™ software that are RoadSync's trade secrets, (ii) specific listings of source code repository and folders for Checkout™ that are trade secrets, and (iii) confirmation that the full source code for Checkout™ is available for inspection by Defendants' expert and counsel.

To address Defendants' argument that RoadSync's identification needed more specificity and to move discovery forward, RoadSync amended its identification on November 29 and December 21, 2022.  The amendments included listing the specific source code file names for the trade secrets and clarifying interrogatory response narratives.  (D.I. 89-2; D.I. 90-2 at 7-8.)  RoadSync's employees expended significant time and effort to identify the specific files for inclusion.  (Lin Decl. ¶¶ 9-13.)  At Defendants' request, RoadSync also made available for inspection the entire Git Repository for RoadSync Checkout™ from April 1, 2017 (first version) through November 9, 2022.  Defendants' expert was given access, at Defendants' specific request, to all of the code for Checkout™ over a five-year period, including all changes and comments made during that period.

RoadSync's trade secret source code comprises approximately ████████

████████████████████████████████████████ — a

manageable amount of code for a person skilled in the art to review.  (Mottram

Decl.[3] ¶ 13 Lin Decl. ¶¶ 9-10.)

### C.    Defendants' Continuing Efforts to Stonewall Discovery

Defendants refuse to participate in discovery related to the source code in

their possession, including discovery related to RoadSync's non-trade secret

claims.  (*Supra* at 3.)  They now ask that RoadSync's *pre-discovery* identification

of trade secret source code become its *final* identification before Defendants

comply with their discovery obligations.  (D.I. 89 at 1.)

## ARGUMENT

## I.    DEFENDANTS' WHOLESALE REFUSAL TO PARTICIPATE IN SOURCE CODE DISCOVERY IS IMPROPER AND IS INTERFERING WITH ROADSYNC'S RIGHTS UNDER RULE 26

"Parties may obtain discovery regarding any nonprivileged matter that is

relevant to any party's claim or defense . . . ."  Fed. R. Civ. P. 26(b)(1).  Relevancy

is "broadly construed to encompass any matter that bears on or reasonably could

lead to other matters that bear upon any issue in the case."  *Lowery v. AmGuard*

*Ins. Co.*, 2022 WL 4596690, at *1 (N.D. Ga. May 2, 2022).

---

[3] Declaration of Geoff Mottram, filed concurrently.

RoadSync has properly alleged claims for breach of contract and breach of fiduciary duties, under which any unauthorized taking or use of confidential information—including source code—is actionable.  (*See* Compl. ¶¶ 33-43, 91-111.)  RoadSync seeks discovery relevant to these non-trade secret claims:  *e.g.*, RoadSync's confidential code in Defendants' possession or control (Request No. 2) and Relay's code for its software alleged to use RoadSync's confidential information (Request No. 22).  (Fox Decl.[4] ¶ 1, Ex. A.)  Defendants concede that RoadSync's source code "includes at least *some* confidential information . . . ." (D.I. 56 at 13 n.4.)  They also do not dispute that Droege took the RoadSync-issued laptop that he used to access, and potentially maintain, RoadSync's source code. (D.I. 59 ¶ 51; *supra* at 2-3.)  Yet Defendants refuse to provide discovery that is relevant and responsive to these claims.

The parties' dispute regarding the sufficiency of RoadSync's trade secret identification does not absolve Defendants of their discovery obligations under the federal rules.  As *DeRubeis* recognized, the trade secret identification issue goes only to whether fair notice is provided to permit discovery directed to Plaintiff's trade secret claims—not to other claims in the litigation.  *DeRubeis v. Witten*

---

[4] Declaration of Benjamin J. Fox in Support of RoadSync's Opposition to Defendants' Motion to Compel, filed concurrently.

*Techs., Inc.*, 244 F.R.D. 676, 679-82 (N.D. Ga. 2007) ("The question presented by these motions is to what extent . . . the trade secret plaintiff[] is required to identify the trade secrets allegedly misappropriated before … the trade secret defendants[] are obligated to provide discovery *on that issue*.") (emphasis added).

Other courts agree with *DeRubeis*. *See, e.g.*, *Contour Data Sols. LLC v. Gridforce Energy Mgmt. LLC*, 2021 WL 5541787, at *6 n.47 (E.D. Pa. Jan. 19, 2021) ("regardless of [defendant]'s position on the specificity level of [plaintiff]'s trade secret, relevant discovery on [plaintiff]'s other claims must move forward"); *A&P Tech., Inc. v. Lariviere*, 2017 WL 6606961, at *9 (S.D. Ohio Dec. 27, 2017) ("in most of the cases cited in favor of requiring prediscovery identification of trade secrets, that identification was required before the discovery of any of the defendants' trade secrets, but *was not required before any discovery could occur*" (emphasis added)); *Masimo Corp. v. Apple Inc*., 2020 WL 5215308, at *2 (C.D. Cal. July 14, 2020) (ruling that "discovery regarding Plaintiffs' patent claims" is not stayed pending trade secret identification).

On this basis alone, Defendants should be ordered to comply immediately with their discovery obligations and to provide their source code for inspection—as well as any code belonging to RoadSync maintained by Droege or others.

Defendants' self-help in obstructing discovery for the non-trade secret claims is improper and ignores the Court's motion-to-dismiss ruling.  (D.I. 56 at 20-27.)

## II.    ROADSYNC IDENTIFIED ITS TRADE SECRET SOURCE CODE WITH REASONABLE PARTICULARITY

### A.    RoadSync's Identification Satisfies the "Reasonable Particularity" Standard in This Circuit

#### 1.    RoadSync's identification puts Defendants on notice of its claims and allows them to discern the relevancy of discovery requested

There is no firm requirement in this District for a plaintiff to identify its trade secrets before seeking discovery.  Rather, courts balance competing policies to determine whether trade secrets must be identified with "reasonable particularity" before discovery proceeds.  *See, e.g.*, *DeRubeis*, 244 F.R.D. at 680-82.  Courts also consider the "*type* of trade secret alleged and whether something less than full disclosure can satisfy the competing interest . . . ." *Mobilitie Mgmt., LLC v. Harkness*, 2018 WL 7858685, at *3 (N.D. Ga. July 10, 2018).  "In some circumstances, full disclosure may not be necessary."  *Id.*

The "reasonable particularity" standard in this District, when it applies, requires a description of the trade secrets that is sufficient to (i) put defendant on notice of the nature of plaintiff's claims and (ii) allow defendants to discern the relevancy of plaintiff's discovery requests.  *DeRubeis*, 244 F.R.D. at 681.  "[T]he

'reasonable particularity standard' set forth in *DeRubeis* does not require minute detail of the trade secrets at issue prior to the start of the expedited discovery process." *Amendia, Inc. v. Omni Surgical, LLC*, 2012 WL 13014585, at \*3 (N.D. Ga. June 8, 2012) (identification of drawings at issue is sufficient).

This is not a high bar, especially where the trade secret identification involves source code.  Under the DTSA, rather than under California law on which Defendants largely rely (*see* Section II(B)(1), *post*), no more is required.  For example, in *Storagecraft Technology Corporation v. Symantec Corporation*, plaintiff described its trade secret as "all source code received under the License Agreement or derived or created from such code (with the exception of the publicly available portions of the source code) . . . ."  2009 WL 361282, at \*2 (D. Utah Feb. 11, 2009) (citation omitted).  The court found that plaintiff identified its trade secret "with adequate specificity to inform the [other party] what it is alleged to have misappropriated" and met the reasonable particularity standard.  *Id.* at \*1-3; *see also Xtec, Inc. v. Cardsmart Techs., Inc.*, 2014 WL 10268426, at \*8 (S.D. Fla. May 15, 2014) (plaintiff's description, identification of lines of code, and production of source code for inspection constitute sufficient identification).

RoadSync's identification describing the trade secret functionalities in Checkout™ and lists the specific source code files meets the *DeRubeis* standard.

9

The identification combined with a full production of RoadSync's source code provides fair notice of the nature of RoadSync's claim and the boundaries of the secrets.  (Mottram Decl. ¶¶ 12-23.)  It is "sufficiently particular[] to permit Defendants the ability to ascertain the boundaries of the secret," even when considering the more exacting summary judgment stage.  *Xtec*, 2014 WL 10268426, at *8; *see also Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 F. App'x 586, 594 (4th Cir. 2009) ("a plaintiff's alleged software compilation trade secret is to be analyzed separate and apart from other software trade secret claims, and that production of source code is an acceptable method of identifying an alleged compilation trade secret.").

RoadSync's identification also is sufficient considering the "*type* of trade secret alleged . . . ."  *Mobilitie*, 2018 WL 7858685, at *3.  As Defendants fail to dispute, Droege had access to (and took) hundreds and thousands of lines of trade secret RoadSync code, which RoadSync created over a period of years.  (Lin Decl. ¶¶ 5-7.)  Requiring RoadSync to chart each piece of trade secret code at the level of particularity Defendants demand would put an extraordinary burden on RoadSync. (Mottram Decl. ¶¶ 23-24.)

2. **Defendants mischaracterize RoadSync's trade secret identification to demand particularity beyond what is "reasonably necessary"**

A trade secret identification permits the defendant to obtain information early in the case, but it does not allow them to delay discovery at every turn. The Sedona Conference specifically warns defendants not "to delay litigation by demanding particularity beyond that reasonably necessary":

> **Guideline 5**: While an asserted trade secret should be identified at a level of particularity that is reasonable under the circumstances, a defendant should not use this standard as a tool to delay litigation by demanding particularity beyond that reasonably necessary for the defendant to develop its defenses and for the court to evaluate the claims and defenses.

The Sedona Conference, *The Sedona Conference Commentary on the Proper Identification of Asserted Trade Secrets in Misappropriation Cases: A Project of the Sedona Conference Working Group on Trade Secrets*, 22 Sedona Conf. J. 223, 232 (2021). But that is precisely what Defendants are doing here.

In demanding "more detail," Defendants focus improperly on portions of RoadSync's identification, rather than on the disclosure as a whole. (D.I. 90-1 ("Mot.") at 11-14.) RoadSync's identification is not just the information in the "Description" column in Appendix D; it consists of those descriptions, the list of specific corresponding source code files, and the source code files. (*Supra* at 4.) None of Defendants' cited cases addresses an identification that combined written

11

descriptions with production of the actual trade secret code at issue.  *See, e.g.*, *DeRubeis*, 244 F.R.D. at 679 (trade secret identification consisting of descriptions without accompanying production); *Compuware Corp v. IBM Corp.*, 2003 WL 23212863, at *6 (E.D. Mich. Dec. 19, 2003) (same); *Vesta Corp. v. Amdocs Mgmt. Ltd.*, 147 F. Supp. 3d 1147, 1157 (D. Or. 2015) (same).

Defendants then pivot to argue that RoadSync's identification "does not identify a single trade secret; instead, it only identifies a massive set of files *within which the trade secret(s) might be found*."  (Mot. at 10 (emphasis added).)  But again, Defendants' decision to slice-and-dice RoadSync's identification explains the basis for their misstatement.  Their assertion that RoadSync "does not identify a single trade secret" is also wrong.  (Mottram Decl. ¶¶ 12-13, 21-23.)

Despite Defendants' claim here, together with its claim that RoadSync's allegations in the complaint regarding its source code was "[o]bviously . . . no identification at all," the Court recognized at the motion-to-dismiss stage that RoadSync "seeks to protect 'source code' for three Checkout functionalities (Remote Checkout, robodialer, and paycodes) that are fairly described in the complaint."  (*Compare* Mot. at 8 *with* D.I. 56 at 10.)  Defendants ignore the import of that ruling by arguing that discovery against them should not go forward.

Defendants also argue erroneously that RoadSync provided "an

indiscriminate list of all its source code." (Mot. at 14.)  Again, not so.  The source code files that RoadSync identified were carefully selected to cover only trade secret information.  (Lin Decl. ¶¶ 9-13.)  They comprise approximately ████

██████████████████████████████████████████████████████

██████████████████████████████████████  (Lin Decl. ¶ 10; *see also*

*id.* ¶¶ 17, 20, 23, 26.)

Here, too, Defendants' cited cases do not address the level of specificity required *before discovery from them*.  (Mot. at 14-15.)  Three of their cases address the standard for particularity of a trade secret identification after discovery, and one discusses the pleading standard, which the Court has ruled RoadSync satisfied. *Big Vision Private Ltd. v. E.I. DuPont De Nemours & Co.*, 1 F. Supp. 3d 224, 262-63 (S.D.N.Y. 2014) (describing summary judgment standard for trade secret identification); *IDX Sys. Corp. v. Epic Sys. Corp.*, 285 F3d 581, 584 (7th Cir. 2002) (same); *Xerox Corp. v. IBM Corp.*, 64 F.R.D. 367, 371 (S.D.N.Y. 1974) (describing standard of specificity after "nearly a year of pre-trial discovery"); *Power Integrations, Inc. v. Silanna Semiconductor N. Am., Inc.*, 2020 WL 3508078, at *3 (D. Del. June 29, 2020) (addressing pleading standard).

Finally, contrary to Defendants' argument, RoadSync's trade secret identification has been clear from the start.  Even before providing a trade secret

identification, RoadSync set forth facts about Mr. Droege's access to RoadSync's trade secret source code and the functionalities of Checkout™ (and the features Relay copied) to put Defendants on notice of its claims and relevance of discovery. (Compl. ¶¶ 51, 56-64.)  *See, e.g.*, *Adacel, Inc. v. Adsync Techs., Inc.*, 2020 WL 10056046, at *3 (M.D. Fla. July 13, 2020) (finding that "a list of specific computer files and documents, with descriptions of the information contained therein" in the Second Amended Complaint sufficiently identifies the trade secret on summary judgment).  As the following section explains in further detail, RoadSync's interrogatory responses coupled with the production of its trade secret source code satisfies applicable law in this Circuit under the DTSA.

### 3. The level of particularity in RoadSync's identification is consistent with policy considerations in this District

RoadSync's identification is sufficient, especially considering the policy considerations applied in this District.  *First*, RoadSync has a "broad right to discovery under the Federal Rules of Civil Procedure."  *DeRubeis*, 244 F.R.D. at 680; *accord St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 305 F.R.D. 630, 640-41 (D. Or. 2015) (discussing *DeRubeis* and not requiring pre-discovery trade secret identification).  RoadSync's is entitled to discovery on its breach of contract and fiduciary duty claims, which Defendants continue to obstruct.  (Section I, *supra*.)

*Second*, requiring additional detail or "charting" of source code excerpts

would be unduly burdensome and unjustified given Droege's wholesale theft of data because RoadSync has "no way of knowing what trade secrets have been misappropriated until it receives discovery on how the defendant is operating." *DeRubeis*, 244 F.R.D. at 680; *see St. Jude*, 305 F.R.D. at 641. Given Defendants' refusal to permit inspection of RoadSync's laptop, this is not a case in which plaintiff "has a clear idea of which trade secrets were misappropriated . . . ." *Alcoa, Inc. v. Universal Alloy Corp.*, 2015 WL 13753187, at *3 (N.D. Ga. Oct. 20, 2015). Droege had full access to RoadSync's source code, including the code for Checkout™, from which Defendants created competitive software that mimics the key features of Checkout™. (Compl. ¶¶ 51, 56-64.) Given his broad access to RoadSync's code, RoadSync cannot know the full scope of misappropriation until it receives discovery from Defendants. In these circumstances, even "a very general showing" of trade secrets "may be sufficient." *Uni-Sys., LLC v. U.S. Tennis Ass'n*, 2017 WL 4081904, at *4 (E.D.N.Y. Sept. 13, 2017); *see also Glob. Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*, 2012 WL 3884939, at *7 (D. Nev. Sept. 6, 2012) (declining to require further identification of trade secrets given their anticipated "voluminosity").

<u>Third</u>, as *DeRubeis* observed, "if the trade secret plaintiff is forced to identify the trade secrets at issue without knowing which of those secrets have

been misappropriated, it is placed in somewhat of a 'Catch-22.'" *DeRubeis*, 244
F.R.D. at 680; *see also St. Jude*, 305 F.R.D. at 641.  RoadSync has the right
consistent with Rule 26(e)(1)(A) to supplement its discovery responses with more
detail if, as RoadSync suspects, the evidence shows that Droege or others used
specific modules of the Checkout™ code.  Fed. R. Civ. P. 26(e)(1)(A).  Plaintiff's
identification of its trade secret code is sufficient at this stage.

### 4. The policy considerations cited by Defendants do not support their position

Defendants make various policy-based arguments, none of which helps
them.  (*See* Mot. at 5.)  <u>*First*</u>, Defendants' stated concern that RoadSync may
"reverse engineer" its trade secret identification presents nothing but the flip-side
of the "Catch-22" that *DeRubesis* explained weighs against one-sided discovery.
244 F.R.D. at 680.[5]  This is not a case where plaintiff is refusing to provide a pre-
discovery trade secret identification, like the cases Defendants cite.  *See Argos*
*USA LLC v. Young*, 2021 WL 3081332, at *7-8 (N.D. Ga. Feb. 2, 2021) (concerns
of a fishing expedition when plaintiff declined to do *any* trade secret designation

---

[5] Defendants mischaracterize RoadSync's counsel's statements regarding
RoadSync's trade secret identification.  (*See* Mot. at 6-7, 23.)  RoadSync's counsel
did not suggest that RoadSync will "reverse-engineer specificity of its purported
trade secrets *after* discovery."  (*Id.*)  As RoadSync's counsel indicated, a plaintiff
has the right to amend its discovery responses based on facts learned during the
course of litigation.  (*Compare with* Jan. 11, 2023 Hr'g Tr. at 48-53.)

before obtaining discovery); *Amendia, Inc. v. Omni Surgical, LLC*, 2012 WL 13014584, at *5 (N.D. Ga. May 15, 2012) (plaintiff only provided a list of general categories of trade secrets).  RoadSync has not only provided trade secret descriptions and specific file names, but also has turned over all of its trade secret code.  As another court observed, it is "not clear how Plaintiff could 'tailor [its] theory of misappropriation to defendants' work'" when plaintiff made a "production of all of the source code and confidential information in its possession . . . ." *Bytemark, Inc. v. Xerox Corp.*, 2022 WL 120980, at *5 (S.D.N.Y. Jan. 11, 2022).

<u>*Second*</u>, Defendants can readily discern the relevancy of RoadSync's discovery requests in light of RoadSync's factual allegations, its trade secret identification, and RoadSync's non-trade secret claims.  The complaint makes clear that the trade secret claims relate to Relay's design, development, and implementation of software that mimics specific features of RoadSync's Checkout™ software.  (*Supra* at 13-14.)  The trade secret identification provided further specificity.  (Mottram Decl. ¶¶ 10-13, 21-23; Lin Decl. ¶¶ 8-11, 17, 20, 23, 26.)  And independent of any pre-discovery obligation for trade secret identification, discovery by RoadSync is proper for its non-trade secret claims. (Section I, *supra*.)

Defendants next argue that RoadSync "has indiscriminately included **all** of the source code for its software in what it lists as its trade secret" and did "a mass source code dump." (*See* Mot. at 6, 22-23.)  The characterization is wrong.  (Lin Decl. ¶¶ 9-10, 17, 20, 23, 26; Mottram Decl. ¶ 13.)  In any event, the volume of trade secret code is of little significance.  Courts have found an identification of ████████████ to be sufficient.  *See, e.g., Jabil Inc. v. Essentium, Inc.*, 2020 WL 708140, at *4 (M.D. Fla. Feb. 12, 2020) (finding that interrogatory response listing file names for more than 9,600 zip files and 6,500 DropBox files identifies the alleged trade secrets with reasonable particularity; denying motion to compel supplemental responses).

*Third*, Defendants' arguments concerning whether RoadSync's identified source code satisfies the statutory definition of a trade secret is an issue for trial— not a gating issue to discovery.  *Jabil*, 2020 WL 708140, at *4 ("Whether Jabil's purported trade secrets are, in fact, trade secrets is not for the Court to resolve as part of this discovery dispute."); The Sedona Conference, 22 Sedona Conf. J. at 231 ("**Principle No. 1:** The identification of an asserted trade secret during a lawsuit is not an adjudication of the merits and is not a substitute for discovery.").

**B.     Defendants Urge Application of the Wrong Legal Standard**

The remainder of Defendants' arguments seek to impose incorrect legal standards:  Cases applying California law, which has its own statute governing discovery; and cases applying summary judgment or post-trial standards.[6]

**1.     Defendants rely heavily on cases applying California law, which by statute includes an identification requirement not found in the DTSA or GTSA**

Defendants' brief relies heavily on California law for its standard of "reasonable particularity."  But unlike the DTSA and GTSA, the California trade secrets act includes a unique discovery provision that does not apply here. Cal. Code Civ. Proc. § 2019.210.  Citing *WeRide*, Defendants argue that RoadSync must "identify [its] alleged trade secrets . . . 'to limit the permissible scope of discovery by distinguishing the trade secrets from matters of general knowledge in the trade or of special knowledge of those persons skilled in the trade.'"  (Mot. at 17 (citing *WeRide Corp. v. Huang*, 379 F. Supp. 3d 834, 846 (N.D. Cal. 2019).) This "requirement" applies in California, not here.  Contrary to Defendants' suggestion that the principle is one of general applicability, the expert declaration in *WeRide* confirms that the standard is one used "under California law":

---

[6] Defendants made similar arguments at the motion-to-dismiss stage, which the Court correctly rejected.  (*See* D.I. 31 at 17-18; D.I. 33 at 11 n.4.)

| 27 | 64.     I have been informed that a trade secret is identified with "reasonable particularity" |
|---|---|
| 28 | under California law where sufficient information has been provided to distinguish the trade secret |

| 1 | "from matters of general knowledge in the trade or of special knowledge of those persons skilled in |
|---|---|
| 2 | the trade." *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 835 (2005) |
| 3 | (internal quotation omitted).  I have further been informed that this does not require explaining every |
| 4 | aspect of the trade secret, but merely identifying "the boundaries within which the secret lies." |
| 5 | *Brescia v. Angelin*, 172 Cal. App. 4th 133, 147 (2009) (quotation omitted). |

(D.I. 89-8 ¶ 64 (Ex. G to Mot., attaching WeRide expert report).)

Defendants's discussion of *WeRide* only highlights that the differences between RoadSync's and WeRide's identifications are due to different applicable laws.  *Compare, e.g.*, *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 835 (2005) (citing and applying California state statute that requires disclosure distinguishing trade secret "from matters of general knowledge in the trade or of special knowledge of those persons skilled in the trade") *with Amendia*, 2012 WL 13014585, at *3 ("the 'reasonable particularity standard' set forth in *DeRubeis* does not require minute detail of the trade secrets at issue prior to the start of the expedited discovery process").

Defendants should be aware of this distinction.  The trade secret identification in *WeRide*, signed by Defendants' counsel Mr. Landes, specifies that it is made "[p]ursuant to California Code of Civil Procedure § 2019.210" and

20

*disavows application to the DTSA*.  "WeRide does not concede that 2019.210

applies to its claims, particularly its claim under the Defend[] Trade Secrets Act":

| | |
|---|---|
| 1 | **INTRODUCTION**[1] |
| 2 | Pursuant to California Code of Civil Procedure § 2019.210 ("2019.210") Plaintiffs WeRide |
| 3 | Corp. and WeRide Inc. (collectively "WeRide") hereby identify the trade secrets misappropriated by |
| 4 | Jing Wang, Kun Huang, Zhong Zhi Xing Technology Co. Ltd. d/b/a AllRide.AI, and AllRide.AI Inc. |
| 5 | (collectively "Defendants") with reasonable particularity.  Even though it is providing this |
| 6 | identification, WeRide does not concede that 2019.210 applies to its claims, particularly its claim |
| 7 | under the Defendant Trade Secrets Act ("DTSA").  *See, e.g. Cedars Sinai Med. Ctr. v. Quest* |
| 8 | *Diagnostic Inc.*, 2018 WL 2558388, at *3 (C.D. Cal. Feb. 27, 2018) ("Cal. Civ. Proc. Code § |
| 9 | 2019.210 is a California statute and thus could not apply to DTSA claims."). |

(D.I. 89-7 at 1 (Ex. F to Mot.).)

Defendants also argue that "WeRide supported its twenty-page identification

with the accompanying forty-four-page Declaration of Dr. Matthew R. Walter,"

but fail to mention that the documents were filed in support of a *motion for a*

*preliminary injunction*.  (Mot. at 18.)  The standards for discovery are different

(*e.g.*, *DeRubeis*) and expert disclosures are governed by Rule 26(a) and the Court's

case management order, not by Defendants' demand for "more detail" in

interrogatory responses.  Fed. R. Civ. P. 26(a)(2)(D)(i) (expert reports due 90 days

before trial).

Finally, "reasonable particularity" under *DeRubeis* does not require that

RoadSync identify each "combination" trade secrets by "explaining the exact

21

pieces of public information that, when combined, it allege[s] [are] trade secret" as Defendants seek.  (Mot. at 19-20.)  Unlike in California, there is "no duty to identify which components of the protected material are secret" when plaintiff "has appropriately identified the trade secret in its entirety."  *Black & Decker (U.S.) Inc. v. Techtronic Indus., Co., Ltd.*, 2009 WL 3762947, at *1 (W.D. Tenn. May 14, 2009) (applying *DeRubeis* standard and finding no separate requirement "with regard to a unique combination of protected and unprotected material").

> **2.   Defendants argue the merits and seek to impose a summary judgment standard now, not the proper discovery standard**

Defendants' motion seeks to convince the Court that RoadSync's identified source code is not in fact a trade secret under the DTSA.  (*See, e.g.*, Mot. at 14-15.)[7]  But as the Court previously recognized, whether RoadSync's identified source code is secret and protectible "are questions of fact best left for summary judgment or trial."  (D.I. 56 at 13.)  *Accord Diamond Power Int'l, Inc. v. Davidson*, 540 F. Supp. 2d 1322, 1332 (N.D. Ga. 2007) (whether information constitutes a trade secret is a question of fact); *Jabil*, 2020 WL 708140, at *4 (same).  In no

---

[7] To dispel any doubt, RoadSync will prove on the merits the misappropriation of its trade secrets and confidential information by Defendants and that its trade secrets are protected under the DTSA and GTSA.  But Defendants are not entitled to run roughshod over civil procedure by demanding that proof as a precondition to complying with their own discovery obligations.

event can Defendants' "merits-based" arguments serve as a basis for withholding

their own discovery or to challenge RoadSync's interrogatory responses.

Defendants' argument and cited case law on this point are uninstructive.  *See, e.g.*,

*SL Montevideo Tech., Inc. v. Eaton Aerospace, LLC*, 491 F.3d 350, 354 (8th Cir.

2007) (discussing standard for judgment as a matter of law post-trial); *irth Sols.,*

*LLC v. Apex Data Sols. & Servs., LLC*, 2019 WL 283831, at *7 (W.D.N.Y. Jan. 22,

2019) (discussing likelihood of success on motion for preliminary injunction).

## III.  NO AUTHORITY SUPPORTS ORDERING A "FINAL" TRADE SECRET IDENTIFICATION BY PLAINTIFF AT THIS STAGE

The federal rules authorize—indeed, require—timely supplementation of

interrogatory responses before the close of fact discovery.  Fed. R. Civ. P. 26(e)(1);

*see also Grimes v. Sysco Corp*., 2021 WL 2549699, at *4 (N.D. Ga. Jan. 20, 2021)

("Under Rule 26(e), a party who has made a disclosure must supplement or correct

its disclosure or response 'in a timely manner if the party learns that in some

material respect the disclosure or response is incomplete or incorrect.'").  Yet

Defendants seek to up-end the discovery process by seeking an order deeming

RoadSync's interrogatory responses "final" before any discovery from Defendants.

The Court noted correctly at the last hearing that Defendants' requested

relief is unprecedented.  (Jan. 11, 2023 Hr'g Tr. at 71:1-73:2 ("I don't see how I

can make them do that now when we're just at the start of the discovery

process.").)  Yet Defendants renew their request based on out-of-circuit authority. (Mot. at 25 *citing*, *e.g.*, *Neothermia Corp. v. Rubicor Med., Inc.*, 345 F. Supp. 2d 1042, 1045 (N.D. Cal. 2004) (imposing "good cause" requirement to amend under California law).)[8]  The weight of authority outside of California is against Defendants.  *See, e.g.*, *StoneEagle Servs., Inc. v. Valentine*, 2013 WL 9554563, at *5 (N.D. Tex. June 5, 2013) (order requiring an identification of trade secrets with reasonable particularity "will not prevent Plaintiffs from seeking to amend or supplement their list in the future"); *Von Holdt v. A-1 Tool Corp.*, 2005 WL 8180783, at *6 (N.D. Ill. June 1, 2005) (not requiring "good cause" to amend identification of trade secrets until a month before the close of fact discovery).

## CONCLUSION

For all the reasons explained above, Defendants' motion is without merit. The motion should be denied, and Defendants ordered to comply with their discovery obligations without further delay.

---

[8] Defendants' other cited cases are inapposite.  *See, e.g.*, *Syngenta Seeds, LLC v. Warner*, 2022 WL 696156, at *3 (D. Minn. Jan. 12, 2022) (quoting court's pretrial scheduling order requiring good cause to amend after close of discovery).

Dated: February 10, 2023

By:  */s/ Benjamin J. Fox*
Benjamin J. Fox (admitted *pro hac vice*)
**Morrison & Foerster LLP**
707 Wilshire Boulevard
Los Angeles, CA  90017-3543
Tel: (213) 892-5200
Fax: (213) 892-5454
bfox@mofo.com

Michael A. Jacobs (admitted *pro hac vice*)
**Morrison & Foerster LLP**
425 Market Street
San Francisco, CA 94105
Tel: (415) 359-7631
Fax: (415) 276-7455
mjacobs@mofo.com

Kyle Mooney (admitted *pro hac vice*)
**Morrison & Foerster LLP**
250 West 55th Street
New York, NY 10019
Tel: (212) 468-8000
Fax: (212) 468-7900
kmooney@mofo.com

By:  */s/ Benjamin E. Fox*
Benjamin E. Fox
Georgia Bar No. 329427
Frank M. Lowrey IV
Georgia Bar No. 410310
**Bondurant, Mixson & Elmore, LLP**
1201 W. Peachtree Street, NW, Ste. 3900
Atlanta, GA 30309
Tel: (404) 881-4100
Fax: (404) 881-4111
fox@bmelaw.com; lowrey@bmelaw.com

*Counsel for Plaintiff RoadSync, Inc.*

25

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that the foregoing was prepared in Times New Roman 14 point font, double-spaced, and with both a top margin of not less than 1.5 inches and a left margin of not less than 1 inch.

This 10th day of February, 2023.

_/s/ Benjamin J. Fox_____
Benjamin J. Fox (admitted _pro hac vice_)
**Morrison & Foerster LLP**
707 Wilshire Boulevard
Los Angeles, CA  90017-3543
Tel: (213) 892-5200
Fax: (213) 892-5454
bfox@mofo.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this day, I caused a true and correct copy of the foregoing document to be filed with the clerk's office using this Court's CM/ECF system, which will automatically send notice of such filing to all counsel of record.

This 10th day of February, 2023.

  /s/ Benjamin J. Fox
Benjamin J. Fox (admitted *pro hac vice*)
**Morrison & Foerster LLP**
707 Wilshire Boulevard
Los Angeles, CA  90017-3543
Tel: (213) 892-5200
Fax: (213) 892-5454
bfox@mofo.com