**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ROADSYNC, INC.,

      Plaintiff,

    v.

RELAY PAYMENTS, INC., SPENCER
BARKOFF, and JAMES RYAN DROEGE,

      Defendants.

Case No. 1:21-CV-03420-MLB

**<u>ORDER</u>**

The Court has been informed that pursuant to the Court's Order entered on May 19, 2023 (<u>Dkt. 133</u>), the parties met and conferred in person including lead counsel in a serious, good faith effort to determine what additional identification was necessary for Plaintiff to provide a particularized identification of its alleged source code trade secrets. The parties reached an agreement as set forth below.

For each alleged source code trade secret individually, RoadSync shall provide both of the following:

    1.    An identification of each of the source code file(s) that constitute(s) the alleged trade secret, including, to the extent the file includes material not claimed as a trade secret, the line number(s), or portion(s) of line(s) of code within the file that is claimed as a trade secret. If the alleged

trade secret consists of a combination of files, lines, or portions of lines, identify the files, lines, or portions of lines that constitute that allegedly trade secret combination, including the identity of any confidential information within the combination of files, lines, or portions of lines claimed as a trade secret. The identification of individual or combination trade secrets pursuant to this Paragraph must be more particularized than a re-listing of the entirety of the source code listed on RoadSync's prior lists of 1,630 files (in its entirety or for any one repository) and all possible combinations thereof.

2.   A reasonably particular description of any algorithms, processes, business logic, interfaces, data models, data structures, data sets, architectures, or other "programming or design choices" or "interactions" – or combinations of the foregoing – within the code or combinations identified in Paragraph (1) that constitute the alleged trade secret. The description must be particularized enough to allow someone reasonably skilled in the art to distinguish between what within the identified code is claimed as trade secret, and what is not, including for any alleged trade secret combinations of files, lines, or portions of lines. The description must specify the alleged trade secret itself, rather than the end results of, or the functions performed by, the alleged trade secret.

To the extent RoadSync claims that the combination of multiple alleged trade secrets constitutes its own distinct combination trade secret, RoadSync must provide the disclosures in Paragraphs (1) and (2) for both the combination trade secret, and for its constituent parts that are their own alleged trade secrets.

The Court adopts this agreement as a resolution of the trade secret identification issues described in the Court's May 19 Order. To the extent there is a dispute over whether Plaintiff provides the disclosure that this agreement contemplates, the Parties are ordered to confer in good faith concerning any non-compliance with the agreement and/or May 19 Order.

SO ORDERED this 5th day of June, 2023.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE