# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROADSYNC, INC., <br><br> Plaintiff, <br><br> v. <br><br> RELAY PAYMENTS, INC., SPENCER BARKOFF, and JAMES RYAN DROEGE, <br><br> Defendants. | Case No. 1:21-CV-03420-MLB |

**ROADSYNC INC.'S SECOND AMENDED
RESPONSES AND OBJECTIONS
TO DEFENDANTS' FIRST SET OF INTERROGATORIES (NOS. 1-3)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, the Local Civil Rules for the Northern District of Georgia, and the Court's instructions at the July 18, 2022 hearing, plaintiff RoadSync, Inc. ("Plaintiff" or "RoadSync") provides the following amended responses and objections to defendants Relay Payments, Inc., Spencer Barkoff, and James Ryan Droege's (collectively, "Defendants") Interrogatory Nos. 1-3.

**PRELIMINARY STATEMENT**

Plaintiff does not interpret the interrogatories to call for, and will not provide, information protected from discovery by the attorney-client privilege,

work product doctrine, and any other applicable privilege or protection. Plaintiff also does not concede the admissibility or relevance of any information provided in response to any interrogatory. Rather, Plaintiff reserves the right to challenge the relevance, materiality, and admissibility of, or to object on any ground to the use of, any information set forth in response to any Interrogatory in any subsequent proceeding or trial in this or any other action.

## SPECIFIC RESPONSES AND OBJECTIONS

## INTERROGATORY NO. 1

Describe with particularity and individually each alleged trade secret you contend Defendants (or any Defendant) either misappropriated or continued to possess after the end of Defendant Barkoff or Defendant Droege's employment with RoadSync; your description must be with sufficient particularity to allow Defendants to meaningfully compare and distinguish each asserted trade secret to information that is generally known or readily ascertainable and to permit the parties and the Court to understand what specific information you claim to be a trade secret.

## SECOND AMENDED RESPONSE TO INTERROGATORY NO. 1 (12/21/2022):

Plaintiff objects to this interrogatory on the ground and to the extent that it purports to call for information that is in Defendants' possession, custody, and control and that is unknown to RoadSync based on RoadSync's reasonable investigation to date. Subject to and without waiving the foregoing objection, Plaintiff responds as follows:

RoadSync's trade secrets that defendants Ryan Droege and Spencer Barkoff improperly downloaded on August 23, 2018, unlawfully retained following their termination from RoadSync on August 24, 2018, and misappropriated is the information contained in the following materials :  (1) customer lists (including names, addresses, key contacts, and decision-makers at warehouses, freight handlers, and carriers); (2) customer data compilations (including locations, volumes, proposed and acceptable prices, and payment and purchase histories for warehouses, freight handlers, and carriers); and (3) prospective customer lists (including names, addresses, key contacts, decision-makers, contact history, and potential revenue for warehouses, freight handlers, and carriers).

In addition, RoadSync believes that source code for its Checkout™ software that had been developed as of the date of Droege and Barkoff's termination from RoadSync, which is trade secret information, was contained on the RoadSync laptop that Mr. Droege improperly took with him and unlawfully refused to return to RoadSync and then used by Defendants to develop a competing software.

Defendants then used RoadSync's trade secret information to launch a competing business, Relay Payments, Inc., to develop and offer software that mimics key features of RoadSync's Checkout™ software product, and to target RoadSync's customer and prospective customers.

Pursuant to Federal Rule of Civil Procedure 33(d), RoadSync identifies the following materials:

(1) <u>Customer lists including names, addresses, key contacts, and decision-makers at warehouses, freight handlers, and carriers</u>. RoadSync's customer lists are RoadSync's trade secret information. *See, e.g.*, 18 U.S.C. § 1839(3); O.C.G.A. § 10-1-761(4). The information in these customer lists is trade secret and contained in the documents listed in <u>Appendix A</u> hereto, which RoadSync incorporates by reference. RoadSync's customer lists were downloaded and retained by defendants Droege and Barkoff without authorization.

(2) <u>Customer data compilations including locations, volumes, proposed and acceptable prices, and payment and purchase histories for warehouses, freight handlers, and carriers</u>. RoadSync's customer data compilations are RoadSync's trade secret information. *See, e.g.*, 18 U.S.C. § 1839(3); O.C.G.A. § 10-1-761(4). The information in these customer data compilations is trade secret and contained in the documents listed in <u>Appendix B</u> hereto, which RoadSync incorporates by reference. RoadSync's customer data compilations were downloaded and retained by defendants Droege and Barkoff without authorization.

(3) <u>Prospective customer lists including names, addresses, key contacts, decision-makers, contact history, and potential revenue for warehouses, freight</u>

4

handlers, and carriers. RoadSync's prospective customer lists are RoadSync's trade secret information. *See, e.g.*, 18 U.S.C. § 1839(3); O.C.G.A. § 10-1-761(4). The information in these prospective customer lists is trade secret and contained in the documents listed in Appendix C hereto, which RoadSync incorporates by reference. RoadSync's prospective customer lists were downloaded and retained by defendants Droege and Barkoff without authorization.

(4) Source Code. RoadSync's source code for RoadSync's Checkout™ (including its Remote Checkout™ and robodialer functionality) and related software (including the "paycodes" functionality used for Checkout™ and "check printer" functionality) includes RoadSync's trade secrets. In particular, RoadSync's source code in the files identified in Appendix D (*i.e.*, the lines of code in each file), and the methods and algorithms reflected in such code, constitute RoadSync's trade secrets. The files identified in Appendix D exclude files comprising public, open source, or third-party code that are part of the source code for RoadSync's Checkout™ and related software over which RoadSync is not claiming trade secret status. This source code is available for inspection by Defendants' counsel or expert upon reasonable notice at Plaintiff's counsel's offices pursuant to the Stipulated Protective Order (or any amended Stipulated Protective Order).

Plaintiff's response to this interrogatory is based on information available after Plaintiff's reasonable investigation to date. Plaintiff reserves the right to supplement its response to this interrogatory based on any new information learned through further investigation or discovery in this action.

**INTERROGATORY NO. 2**

Identify by file name and line number the precise portions of RoadSync's source code that you contend is a trade secret.

**SECOND AMENDED RESPONSE TO INTERROGATORY NO. 2 (12/21/2022):**

Plaintiff objects to this interrogatory on the ground and to the extent that it purports to require the identification "by file and line number the precise portions" of RoadSync source code that are RoadSync's trade secrets.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:

RoadSync's source code for RoadSync's Checkout™ (including its Remote Checkout™ and robodialer functionality) and related software (including the "paycodes" functionality used for Checkout™ and "check printer" functionality) includes RoadSync's trade secrets. In particular, RoadSync's source code in the files identified in Appendix D (*i.e.*, the lines of code in each file), and the methods and algorithms reflected in such code, constitute RoadSync's trade secrets. The

6

files identified in Appendix D exclude files comprising public, open source, or third-party code that are part of the source code for RoadSync's Checkout™ and related software over which RoadSync is not claiming trade secret status.  This source code is available for inspection by Defendants' counsel or expert upon reasonable notice at Plaintiff's counsel's offices pursuant to the Stipulated Protective Order (or any amended Stipulated Protective Order).

Plaintiff's response to this interrogatory is based on information available after Plaintiff's reasonable investigation to date.  Plaintiff reserves the right to supplement its response to this interrogatory based on any new information learned through further investigation or discovery in this action.

**INTERROGATORY NO. 3**

Identify specifically and individually each piece of information or combination of information contained within your "customer lists," "customer data compilations," and "prospective customer lists" that you contend is a trade secret. To the extent your response refers to or incorporates a document, state specifically what information or combination of information within each document you contend is a trade secret.

**SECOND AMENDED RESPONSE TO INTERROGATORY NO. 3 (12/21/2022):**

Plaintiff objects to this interrogatory on the ground and to the extent that it purports to require the identification "specifically and individually each piece of information or combination of information" that is a RoadSync trade secret.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:

(1)     Customer Lists.  RoadSync's customer lists include customer names, addresses, key contacts, decision-makers at warehouses, freight handlers, and carriers.  *See, e.g.*, 18 U.S.C. § 1839(3); O.C.G.A. § 10-1-761(4).  RoadSync's customer lists are RoadSync's trade secret information.  *See, e.g.*, 18 U.S.C. § 1839(3); O.C.G.A. § 10-1-761(4).  The information in these customer lists is trade secret and contained in the documents listed in Appendix A hereto, which RoadSync incorporates by reference.  RoadSync's customer lists were downloaded and retained by defendants Droege and Barkoff without authorization.

(2)     Customer Data Compilations.  RoadSync's customer data compilations include customer names, locations, volumes, proposed and acceptable prices, and payment and purchase histories for warehouses, freight handlers, and carriers.  *See, e.g.*, 18 U.S.C. § 1839(3); O.C.G.A. § 10-1-761(4).  RoadSync's customer data compilations are RoadSync's trade secret information.  *See, e.g.*, 18 U.S.C. § 1839(3); O.C.G.A. § 10-1-761(4).  The information in these customer data compilations is trade secret and contained in the documents listed in Appendix B hereto, which RoadSync incorporates by reference.  RoadSync's customer data compilations were downloaded and retained by defendants Droege

and Barkoff without

    (3)   <u>Prospective Customer Lists</u>.  RoadSync's prospective customer lists include prospective customer names, addresses, key contacts, decision-makers, contact history, and potential revenue for warehouses, freight handlers, and carriers.  *See, e.g.*, 18 U.S.C. § 1839(3); O.C.G.A. § 10-1-761(4).  RoadSync's prospective customer lists are RoadSync's trade secret information.  *See, e.g.*, 18 U.S.C. § 1839(3); O.C.G.A. § 10-1-761(4).  The information in these prospective customer lists is trade secret and contained in the documents listed in <u>Appendix C</u> hereto, which RoadSync incorporates by reference.  RoadSync's prospective customer lists were downloaded and retained by defendants Droege and Barkoff without authorization.

Plaintiff's response to this interrogatory is based on information available after Plaintiff's reasonable investigation to date.  Plaintiff reserves the right to supplement its response to this interrogatory based on any new information learned through further investigation or discovery in this action.

Dated: December 21, 2022          <u>/s/  Kyle Mooney</u>
                                           Kyle Mooney (admitted *pro hac vice*)
                                           **Morrison & Foerster LLP**
                                           250 West 55th Street
                                           New York, NY 10019

Tel: (212) 468-8000  
Fax: (212) 468-7900  
kmooney@mofo.com

Frank M. Lowrey IV  
Georgia Bar No. 410310  
Benjamin E. Fox  
Georgia Bar No. 329427  
**Bondurant, Mixson & Elmore, LLP**  
1201 W. Peachtree Street, NW, Ste. 3900  
Atlanta, GA 30309  
Tel: (404) 881-4100  
Fax: (404) 881-4111  
lowrey@bmelaw.com  
fox@bmelaw.com

Michael A. Jacobs (admitted *pro hac vice*)  
**Morrison & Foerster LLP**  
425 Market Street  
San Francisco, CA 94105  
Tel: (415) 359-7631  
Fax: (415) 276-7455  
mjacobs@mofo.com

Benjamin J. Fox (admitted *pro hac vice*)  
**Morrison & Foerster LLP**  
707 Wilshire Boulevard  
Los Angeles, CA  90017-3543  
Tel: (213) 892-5200  
Fax: (213) 892-5454  
bfox@mofo.com

*Counsel for Plaintiff RoadSync, Inc.*

10

PROOF OF SERVICE

I hereby certify that on this 21st day of December, 2022, I caused the following discovery to be served via electronic mail upon all counsel of record in this matter:

1. RoadSync's Second Amended Responses and Objections to Defendants' First Set of Interrogatories (Nos. 1-3);

2. Appendices A–D to RoadSync's Second Amended Responses and Objections to Defendants' First Set of Interrogatories (Highly Confidential—Attorneys' Eyes Only); and

3. Verification to RoadSync's Second Amended Responses and Objections to Defendants' First Set of Interrogatories.

Dated: December 21, 2022

*/s/ Soo J. Park*
Soo J. Park
**Morrison & Foerster LLP**
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Tel: (213) 892-5200
Fax: (213) 892-5454
spark@mofo.com
