# Exhibit L

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROADSYNC, INC.,

    Plaintiff,

v.                                          Case No. 1:21-CV-03420-MLB

RELAY PAYMENTS, INC.,
SPENCER BARKOFF, and
JAMES RYAN DROEGE,

    Defendants.

### ROADSYNC INC.'S THIRD AMENDED RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES (NOS. 1-3)

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Civil Rules for the Northern District of Georgia, RoadSync, Inc. ("Plaintiff" or "RoadSync") provides the following amended responses and objections to defendants Relay Payments, Inc., Spencer Barkoff, and James Ryan Droege's (collectively, "Defendants") Interrogatory Nos. 1-3.

### PRELIMINARY STATEMENT

Plaintiff does not interpret the interrogatories to call for, and will not provide, information protected from discovery by the attorney-client privilege,

work product doctrine, and any other applicable privilege or protection. Plaintiff also does not concede the admissibility or relevance of any information provided in response to any interrogatory. Rather, Plaintiff reserves the right to challenge the relevance, materiality, and admissibility of, or to object on any ground to the use of, any information set forth in response to any Interrogatory in any subsequent proceeding or trial in this or any other action.

## SPECIFIC RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 1

Describe with particularity and individually each alleged trade secret you contend Defendants (or any Defendant) either misappropriated or continued to possess after the end of Defendant Barkoff or Defendant Droege's employment with RoadSync; your description must be with sufficient particularity to allow Defendants to meaningfully compare and distinguish each asserted trade secret to information that is generally known or readily ascertainable and to permit the parties and the Court to understand what specific information you claim to be a trade secret.

### THIRD AMENDED RESPONSE TO INTERROGATORY NO. 1 (8/7/2023):

Plaintiff objects to this interrogatory on the ground and to the extent that it purports to call for information that is in Defendants' possession, custody, and control and that is unknown to RoadSync based on RoadSync's reasonable investigation to date. Subject to and without waiving the foregoing objection, Plaintiff responds as follows:

RoadSync's trade secrets that defendants Ryan Droege and Spencer Barkoff improperly downloaded on August 23, 2018, unlawfully retained following their termination from RoadSync on August 24, 2018, and misappropriated is the information contained in the following materials: (1) customer lists (including names, addresses, key contacts, and decision-makers at warehouses, freight handlers, and carriers); (2) customer data compilations (including locations, volumes, proposed and acceptable prices, and payment and purchase histories for warehouses, freight handlers, and carriers); and (3) prospective customer lists (including names, addresses, key contacts, decision-makers, contact history, and potential revenue for warehouses, freight handlers, and carriers).

In addition, RoadSync believes that source code for its Checkout software that had been developed as of the date of Droege and Barkoff's termination from RoadSync, which is trade secret information, was contained on the RoadSync laptop that Mr. Droege improperly took with him and unlawfully refused to return to RoadSync and then used by Defendants to develop a competing software.

Defendants then used RoadSync's trade secret information to launch a competing business, Relay Payments, Inc., to develop and offer software that mimics key features of RoadSync's Checkout software product, and to target RoadSync's customer and prospective customers. RoadSync's source code (and

compilation thereof) and the competitively sensitive features of the Checkout system (and compilation thereof) are RoadSync's trade secrets, as specifically identified in RoadSync's Second Amended Supplemental Identification of its Source Code Trade Secrets (dated 8/1/2023) (the "RoadSync TS ID"), which is incorporated herein by reference.

Pursuant to Federal Rule of Civil Procedure 33(d), RoadSync identifies the following materials:

(1) <u>Customer lists including names, addresses, key contacts, and decision-makers at warehouses, freight handlers, and carriers</u>. RoadSync's customer lists are RoadSync's trade secret information. *See, e.g.*, 18 U.S.C. § 1839(3); O.C.G.A. § 10-1-761(4). The information in these customer lists is trade secret and contained in the documents listed in <u>Appendix A</u> to RoadSync's Second Amended Responses to Defendants' First Set of Interrogatories (Nos. 1-3), dated 12/21/2022, which RoadSync incorporates by reference. RoadSync's customer lists were downloaded and retained by defendants Droege and Barkoff without authorization.

(2) <u>Customer data compilations including locations, volumes, proposed and acceptable prices, and payment and purchase histories for warehouses, freight handlers, and carriers</u>. RoadSync's customer data compilations are RoadSync's trade secret information. *See, e.g.*, 18 U.S.C. § 1839(3); O.C.G.A. § 10-1-761(4).

4

The information in these customer data compilations is trade secret and contained in the documents listed in <u>Appendix B</u> to RoadSync's Second Amended Responses to Defendants' First Set of Interrogatories (Nos. 1-3), dated 12/21/2022, which RoadSync incorporates by reference. RoadSync's customer data compilations were downloaded and retained by defendants Droege and Barkoff without authorization.

(3) <u>Prospective customer lists including names, addresses, key contacts, decision-makers, contact history, and potential revenue for warehouses, freight handlers, and carriers</u>. RoadSync's prospective customer lists are RoadSync's trade secret information. *See, e.g.*, 18 U.S.C. § 1839(3); O.C.G.A. § 10-1-761(4). The information in these prospective customer lists is trade secret and contained in the documents listed in <u>Appendix C</u> to RoadSync's Second Amended Responses to Defendants' First Set of Interrogatories (Nos. 1-3), dated 12/21/2022, which RoadSync incorporates by reference. RoadSync's prospective customer lists were downloaded and retained by defendants Droege and Barkoff without authorization.

(4) <u>Checkout Source Code & the Related Competitively Sensitive Features and Functions of the Software</u>. RoadSync's source code for RoadSync's Checkout (including its Remote Checkout and robodialer functionality) and related software (including the "paycodes" functionality used for Checkout and "check printer" functionality) includes RoadSync's trade secrets. In particular,

5

RoadSync's source code (and compilation thereof) and the competitively sensitive features of the Checkout system (and compilation thereof) are RoadSync's trade secrets, as specifically identified in the RoadSync TS ID, which is incorporated herein by reference. RoadSync further incorporates by reference its response to Interrogatory No. 2.

Plaintiff's response to this interrogatory is based on information available after Plaintiff's reasonable investigation to date. Plaintiff reserves the right to supplement its response to this interrogatory based on any new information learned through further investigation or discovery in this action.

**INTERROGATORY NO. 2**

Identify by file name and line number the precise portions of RoadSync's source code that you contend is a trade secret.

**THIRD AMENDED RESPONSE TO INTERROGATORY NO. 2 (8/7/2023):**

Plaintiff objects to this interrogatory on the ground and to the extent that it purports to require the identification "by file and line number the precise portions" of RoadSync source code that are RoadSync's trade secrets.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:

RoadSync's source code for RoadSync's Checkout (including its Remote Checkout and robodialer functionality) and related software (including the

"paycodes" functionality used for Checkout and "check printer" functionality) includes RoadSync's trade secrets. In particular, RoadSync's source code (and compilation thereof) and the competitively sensitive features of the Checkout system (and compilation thereof) are RoadSync's trade secrets, as specifically identified in the <u>RoadSync TS ID</u>, which is incorporated herein by reference. The portions of code that constitute RoadSync's trade secrets are specifically identified in the materials accompanying RoadSync's Amended Supplemental Identification of its Source Code Trade Secrets, which were served on Defendants on 7/3/2023 and are incorporated herein by reference.

Plaintiff's response to this interrogatory is based on information available after Plaintiff's reasonable investigation to date. Plaintiff reserves the right to supplement its response to this interrogatory based on any new information learned through further investigation or discovery in this action.

**INTERROGATORY NO. 3**

Identify specifically and individually each piece of information or combination of information contained within your "customer lists," "customer data compilations," and "prospective customer lists" that you contend is a trade secret. To the extent your response refers to or incorporates a document, state specifically what information or combination of information within each document you contend is a trade secret.

## SECOND AMENDED RESPONSE TO INTERROGATORY NO. 3 (12/21/2022):

Plaintiff objects to this interrogatory on the ground and to the extent that it purports to require the identification "specifically and individually each piece of information or combination of information" that is a RoadSync trade secret. Subject to and without waiving the foregoing objection, Plaintiff responds as follows:

(1)    <u>Customer Lists</u>.  RoadSync's customer lists include customer names, addresses, key contacts, decision-makers at warehouses, freight handlers, and carriers. *See, e.g.*, 18 U.S.C. § 1839(3); O.C.G.A. § 10-1-761(4). RoadSync's customer lists are RoadSync's trade secret information. *See, e.g.*, 18 U.S.C. § 1839(3); O.C.G.A. § 10-1-761(4). The information in these customer lists is trade secret and contained in the documents listed in <u>Appendix A</u> hereto, which RoadSync incorporates by reference. RoadSync's customer lists were downloaded and retained by defendants Droege and Barkoff without authorization.

(2)    <u>Customer Data Compilations</u>.  RoadSync's customer data compilations include customer names, locations, volumes, proposed and acceptable prices, and payment and purchase histories for warehouses, freight handlers, and carriers. *See, e.g.*, 18 U.S.C. § 1839(3); O.C.G.A. § 10-1-761(4). RoadSync's customer data compilations are RoadSync's trade secret information. *See, e.g.*, 18

8

U.S.C. § 1839(3); O.C.G.A. § 10-1-761(4). The information in these customer data compilations is trade secret and contained in the documents listed in <u>Appendix B</u> hereto, which RoadSync incorporates by reference. RoadSync's customer data compilations were downloaded and retained by defendants Droege and Barkoff without

(3) <u>Prospective Customer Lists</u>. RoadSync's prospective customer lists include prospective customer names, addresses, key contacts, decision-makers, contact history, and potential revenue for warehouses, freight handlers, and carriers. *See, e.g.*, 18 U.S.C. § 1839(3); O.C.G.A. § 10-1-761(4). RoadSync's prospective customer lists are RoadSync's trade secret information. *See, e.g.*, 18 U.S.C. § 1839(3); O.C.G.A. § 10-1-761(4). The information in these prospective customer lists is trade secret and contained in the documents listed in <u>Appendix C</u> hereto, which RoadSync incorporates by reference. RoadSync's prospective customer lists were downloaded and retained by defendants Droege and Barkoff without authorization.

Plaintiff's response to this interrogatory is based on information available after Plaintiff's reasonable investigation to date. Plaintiff reserves the right to supplement its response to this interrogatory based on any new information learned through further investigation or discovery in this action.

9

This 7th day of August, 2023.

          */s/ Jonathan R. Chally*
          Jonathan R. Chally
          Georgia Bar No. 141392
          jchally@cgc-law.com
          Joshua P. Gunnemann
          Georgia Bar No. 152250
          jgunnemann@cgc-law.com
          Jennifer R. Virostko
          Georgia Bar No. 959286
          jvirostko@cgc-law.com
          Katherine L. D'Ambrosio
          Georgia Bar No. 780128
          kdambrosio@cgc-law.com
          COUNCILL, GUNNEMANN &
          CHALLY, LLC
          1201 W. Peachtree Street NW
          Suite 2613
          Atlanta, GA  30309
          Phone: 404-407-5250
          Facsimile: 404-600-1624

          *Counsel for Plaintiff, RoadSync, Inc.*

# VERIFICATION

I, Robin Gregg, declare as follows:

I am the Chief Executive Officer at RoadSync, Inc., and I am authorized to make this verification.

I have reviewed RoadSync's responses to Defendants' Interrogatory Nos. 1-3 of the document entitled "ROADSYNC'S INC.'S THIRD AMENDED RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES (NOS. 1-3)." The responses have been prepared with assistance of RoadSync's counsel and are based on the personal knowledge of current employees of the company or on information obtained from the company's records. I am informed and believe that the foregoing responses are true and correct to the best of the knowledge, information, and belief of the company at the present time.

Executed on the 7th day of August, 2023.

DocuSigned by:

*Robin Gregg*
D8A90E8F145C47F...

Robin Gregg

## CERTIFICATE OF SERVICE

I hereby certify that on this day, the within and foregoing has been sent via electronic mail to all counsel of record.

Dated:   August 7, 2023

/s/ *Jonathan R. Chally*
Jonathan R. Chally
Georgia Bar No. 141392
jchally@cgc-law.com