# Exhibit O

Case 1:21-cv-03420-MLB    Document 185-16    Filed 09/12/23    Page 2 of 33
Conference of Attorneys                    September 8, 2023
Roadsync, Inc. v. Relay Payments, Inc., et al.

Page 1

1                    IN THE UNITED STATES DISTRICT COURT

2                   FOR THE NORTHERN DISTRICT OF GEORGIA

3                            ATLANTA DIVISION

4

5        ROADSYNC, INC.,              )
                                      )
6                Plaintiff,           )
                                      )
7        vs.                          ) CASE NO. 1:21-cv-03420-MLB
                                      )
8        RELAY PAYMENTS, INC.,        )
         SPENCER BARKOFF, JAMES       )
9        RYAN DROEGE,                 )
                                      )
10               Defendants.          )
                                      )

11

12                            - - - - -

13

14                       CONFERENCE OF ATTORNEYS

15                  Before Richard Bursky, RMR, CRR

16

17                     Certified Court Reporter

18

19                     Via Zoom Videoconference

20

21          On September 8, 2023, commencing at 4:35 p.m.

22

23

24

25                            - - - - -

Case 1:21-cv-03420-MLB    Document 185-16    Filed 09/12/23    Page 3 of 33
Conference of Attorneys                    September 8, 2023
Roadsync, Inc. v. Relay Payments, Inc., et al.

Page 2

```
1    APPEARANCES:
2        JONATHAN CHALLY, ESQUIRE
         KATHERINE D'AMBROSIO, ESQUIRE
3        JOSHUA GUNNEMANN, ESQUIRE
         Councill, Gunnemann & Chally, LLC
4        1201 W. Peachtree Street, NW
         Suite 2613
5        Atlanta, Georgia 30309
         404.407.5250
6        jchally@cgc-law.com
         jgunnemann@cgc-law.com
7        kdambrosio@cgc-law.com
8            For the Plaintiff
9
         RYAN LANDES, ESQUIRE
10       Quinn Emanuel Urquhart & Sullivan, LLP
         865 S. Figueroa Street
11       10th Floor
         Los Angeles, California 90017
12       213.443.3000
         ryanlandes@quinnemanuel.com
13
         JULIA BLACKBURN STONE, ESQUIRE
14       Caplan Cobb
         75 Fourteenth Street, NE
15       Suite 2700
         Atlanta, Georgia 30309
16       404.596.5611
         jstone@caplancobb.com
17
             For the Defendants
18
19
20
21
22
23
24
25
```

Page 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 4

1           MS. STONE:  So we are willing to do this.

2       The reason, Jon -- I think you might think that

3       this is a much easier task than it is.  We have

4       pulled from about 17 repositories and, as you

5       know, we have -- well, maybe it is not as you

6       know, but we have been working insanely hard to

7       get this document production out to you today.

8           So I am not here -- I don't have them.  They

9       vary.  It wasn't all the exact same date, because

10      depending on when we got the requests and when we

11      were having conferrals and what we were doing.

12          So it is not that we are not willing to give

13      it to you, it is just that it is taking a little

14      bit of digging to get you the dates.  But you are

15      going to get the document production later today.

16      You are going to see post-complaint documents in

17      there.

18          Some of the repositories are in '21, some

19      are in '22 -- actually I don't know if any of

20      them are in '22, maybe they were, some of them

21      were in '23.  The collection dates were

22      different.  So we will get you that information,

23      it is just, it takes some digging to do it.

24          MR. CHALLY:  That's fine.  I just want to

25      know that I am going to get it and that we are

Page 5

1      going to get it soon-ish, that's all.  So if you

2      need next week, that's fine.

3           The Legalist agreement, you know, I've tried

4      to be up front and honest with you as to what I

5      am trying to do in asking you about it

6      immediately after the hearing, and thereafter.  I

7      am trying to figure out what is most important to

8      you.

9           I've already done everything that I can do

10     to get a near fully redacted Legalist agreement

11     over to you, so I don't know that there is

12     anything further that we need to discuss on that

13     today.

14          I had hoped that we would be able to have a

15     discussion on this so as to avoid you all

16     claiming that there needs to be some additional

17     piece of information that you need to see, but we

18     haven't been able to have that discussion.

19          So what I would say to you is you are going

20     to a Legalist agreement that has very few

21     redactions.  You are also going to get the two

22     NDAs that we talked about.  If there is other

23     information that you feel like you need in the

24     agreement, just please tell us what that is, and

25     we are happy to try to work to facilitate it.

Conference of Attorneys                    September 8, 2023
Roadsync, Inc. v. Relay Payments, Inc., et al.

Page 6

1    Okay?

2         On the evidentiary hearing, I don't

3    understand --

4         MR. LANDES:  Wait, wait, wait, wait, wait,

5    wait, Jon.  I think it would be easier to take

6    the issues individually.  If you want to read

7    them all, that's fine, but it might be harder to

8    keep track.

9         MR. CHALLY:  I don't know what you are

10   saying, Ryan.  I am in the middle of a deposition

11   and I don't have time to go through the 15 pages

12   of the email exchanges that we have been engaged

13   in since last Friday.  If that is something you

14   wanted to do, I wish that you would have picked

15   up the phone before last Friday.

16        But I have five things that I need to try to

17   address with you.  If you things you want to ask

18   us, you are welcome to try to do that.  I have

19   five things that I need to try to get done, so

20   that I can go back to my deposition.

21        MR. LANDES:  If you just want to read

22   something that you have written, that's fine.  I

23   just don't think it --

24        MR. CHALLY:  I haven't written anything,

25   Ryan.  I am trying to get through the issues.  Is

Case 1:21-cv-03420-MLB    Document 185-16    Filed 09/12/23    Page 8 of 33
Conference of Attorneys                    September 8, 2023
Roadsync, Inc. v. Relay Payments, Inc., et al.

Page 7

1       there something you want to talk about as it

2       relates to the Legalist agreement?

3              MR. LANDES:  Yes.  You asked me a question,

4       I am happy to answer it.

5              MR. CHALLY:  Go for it.

6              MR. LANDES:  So we will look at what you

7       produce.  The thing that we want is what RoadSync

8       agreed to produce in Ms. Park's email and in

9       Docket 132, which is something that only has

10      financial terms redacted and nothing else.

11             So if that is what you are producing, then

12      we are fine.  And if not, then we will have an

13      issue.

14             MR. CHALLY:  Look at what we are going to

15      produce.  I don't think it needs to be debated

16      anymore.

17             It is a reasonable question to have, because

18      financial terms include when money will be paid.

19      Financial terms include budgets that they

20      request.

21             Financial terms include the amounts of money

22      that they are agreeing to fund.  It includes a

23      variety of additional information.

24             So I was simply trying to get clarity on

25      that.  And we unfortunately weren't able to do

Page 8

1    so.  So we have done the best that we can, and we

2    are happy to try to do more.

3         Once you look at what we produced, just let

4    us know if there is something else you need,

5    okay?

6         MR. LANDES:  We will look at what you

7    produced today.

8         MR. CHALLY:  Great.

9         I don't understand your email about the

10   evidentiary hearing.  We don't need an

11   evidentiary hearing.

12        We are not going to contend that prior

13   counsel in their trade secret or their, excuse

14   me, their interrogatory responses or in the

15   motion to dismiss briefing contended that

16   features and functions were a part of this case.

17   So I am not sure why you believe that the

18   discussion was unproductive or that we weren't

19   fully addressing the question you presented to

20   us.

21        MR. LANDES:  Okay, I do think that makes it

22   clearer, so I appreciate that.

23        MR. CHALLY:  Okay, good.  The two things

24   that I am also trying to get an answer to, Katie

25   is clarifying.  So I want to be clear on this,

Case 1:21-cv-03420-MLB    Document 185-16    Filed 09/12/23    Page 10 of 33

Conference of Attorneys                              September 8, 2023
Roadsync, Inc. v. Relay Payments, Inc., et al.

Page 9

1    there were requests that went to features and

2    functions.  There were document requests, there

3    were interrogatories that went to features and

4    functions.

5         That's why, when we say prior counsel

6    believed that the fiduciary duty claim put at

7    issue, features and functions, that's why those

8    requests were written as they were.  Even the

9    language that you quote in your email last night

10   reflects that features and functions were part of

11   the information, the confidential information

12   that we allege that Droege and Barkoff took

13   improperly in breach of their fiduciary duty.

14        So we are not going to claim that it was a

15   part of the trade secret contention previously.

16   We will, of course, claim that it was part of the

17   trade secret disclosure that was provided after

18   we got in the case.  But we are not going to

19   claim that features and functions were part of

20   the trade secret claim prior to that time.

21        MR. LANDES:  Now, that's a little different

22   from what you said before.  What I am trying to

23   understand, we are going to file a motion to

24   strike features and functions, among other

25   things, from the latest trade secret ID.

Page 10

```
 1          And what I am trying to understand is

 2     whether your opposition is going to say it is

 3     appropriate for them to be in there because

 4     features and functions were always part of this

 5     case.

 6          And if so, if you plan to make an argument,

 7     then we need evidentiary hearing.  But if all you

 8     are going to say is they weren't part of the case

 9     before, it was fine for us to insert them in our

10     June 23rd trade secret ID, then we don't need an

11     evidentiary hearing.  I am trying to determine

12     which it is.

13          MR. CHALLY:  We have answered.  I am not

14     trying to be difficult, I don't know how to

15     differently answer the question.

16          We will not say that, as part of the trade

17     secret claim, prior counsel, that is RoadSync

18     prior to us, asserted in filings that features

19     and functions were part of the protected trade

20     secret that we alleged your folks

21     misappropriated.  We will say that features and

22     functions were a part of the discovery that we

23     sought.

24          MR. LANDES:  But my question is, are you

25     going to say that because you sought discovery on
```

Case 1:21-cv-03420-MLB    Document 185-16    Filed 09/12/23    Page 12 of 33
Conference of Attorneys                          September 8, 2023
Roadsync, Inc. v. Relay Payments, Inc., et al.

Page 11

1      features and functions earlier in the case, it

2      was appropriate for you to add them as trade

3      secrets in June?

4           MR. CHALLY:  We certainly will say that we

5      sought discovery on features and functions, and

6      that features and functions were at issue in this

7      lawsuit as a result of other claims.  We will say

8      that.

9           MR. LANDES:  Okay.  Then I think we need an

10     evidentiary hearing.

11          MR. CHALLY:  That's simply -- okay, fine.

12     Fine.  I think I understand why you believe it is

13     in your advantage to do so, but I don't think

14     that is at all consistent with what Judge Brown

15     suggested.

16          But I think what you should do, what we

17     should do you, you should file your motion to

18     strike.  If you think you should preview that

19     motion with a notice to the Court indicating why

20     you believe an evidentiary hearing is required,

21     then we will provide a response; or if you want

22     to request that evidentiary hearing in your

23     motion, we will respond to it in the briefing.

24     That's fine too.

25          But I don't know what else to say on this

Page 12

1    particular topic.

2        MR. LANDES:  Okay.  I think Judge Brown did

3    say that the evidentiary hearing should occur

4    before our motion, so if you could please get as

5    soon as possible availability from prior counsel

6    for an evidentiary hearing.

7        MR. CHALLY:  Ryan, I don't think that you

8    are accurately recounting what Judge Brown said.

9    But if you want to seek that, I don't know how --

10   how do you then envision, we will go to Judge

11   Brown and say, please set an evidentiary hearing?

12       MR. LANDES:  That's now we would do it.  We

13   would say, here are the dates we're available, we

14   would like an evidentiary hearing on this issue.

15       MR. CHALLY:  We disagree that one is

16   required in light of his comments.  All I am

17   saying, you file what you'd file.  We will

18   respond appropriately.

19       And if the Court indicates that an

20   evidentiary hearing is required, then of course

21   we will provide dates.

22       MR. LANDES:  All right.  So at this point,

23   you are not agreeing to make prior counsel

24   available for an evidentiary hearing and we will

25   need a Court order to get that?

Page 13

1          That was a question.

2          MR. CHALLY:  I am aware.

3          Yes, so I don't have dates.  I am very

4     surprised that you are contending that an

5     evidentiary hearing is required in light of our

6     concession, as we are giving to you, that this

7     was not part of the trade secret claim

8     previously.  I am very surprised.  Perhaps I

9     shouldn't be, but I am.

10         So if you are going to maintain the position

11    that an evidentiary hearing is required because,

12    for instance, features and functions were part of

13    the discovery record in this case previously or

14    part of other claims that were not required to be

15    addressed in the trade secret disclosure, then I

16    suppose I need to go back to prior counsel and

17    have this discussion.

18         MR. LANDES:  Have what discussion?

19         MR. CHALLY:  As to when they are available

20    or as to whether we will try to avoid the

21    necessity of an evidentiary hearing with lawyers

22    on the stand.

23         MR. LANDES:  Okay.  Can you get back to us

24    next week?  Our filing is due on --

25         MR. CHALLY:  Sure can, next week.

Conference of Attorneys                        September 8, 2023
Roadsync, Inc. v. Relay Payments, Inc., et al.

Page 14

1          MR. LANDES:  I think it is due on Tuesday,
2      so can you get back us to us on Monday?
3          MR. CHALLY:  Yes.
4          MR. LANDES:  Thank you.
5          MR. CHALLY:  Anything else on that?
6          MR. LANDES:  No, no.
7          MR. CHALLY:  I am trying to understand in
8      general terms what you are doing to either
9      identify materials that are within the production
10     that you are planning to make today, or narrow or
11     limit in any way your search for those materials,
12     based on either your objections or your
13     contention that you are only going to provide
14     responsive material.  I am just looking for a
15     general sense of that.  Can somebody give that to
16     me?
17         MS. STONE:  I guess I am just a little
18     confused about the request, honestly, because it
19     seems to be a request of what is a responsiveness
20     review, which I know everybody on this call knows
21     what that is.
22         What I can tell you is that we ran the
23     search terms, as Ryan laid out in his email from
24     earlier this week or last week, across the
25     documents that we collected for the various

Page 15

1      periods.  We have had people reviewing, attorneys

2      reviewing.  I have personally reviewed thousands

3      of documents over the last few days.

4          We have all of the discovery requests.  We

5      are looking at the requests and saying, is this

6      responsive to the requests; is it not.  If it is,

7      we are producing it.  If it is not and it is not

8      privileged, we are producing it, and it doesn't

9      fall within one of the other kind of weird

10     examples that we talked about, that we have given

11     you several examples of, we are producing it.

12         Anything, we are taking a very broad

13     approach to production and to responsiveness.

14     And we are giving you everything and more than

15     you want, I think.

16         We are giving you what you say you want, but

17     it might actually be more than what you want.

18     But we are reviewing documents.  So that's what

19     we are doing, we are doing a responsiveness

20     review.

21         MR. CHALLY:  I guess this issue really

22     arises, Julia, for two reasons.  I very much

23     disagree with the contention that it is only

24     appropriate to do a responsiveness review.  That

25     doesn't so much apply to you as it does to the

Conference of Attorneys                                  September 8, 2023
Roadsync, Inc. v. Relay Payments, Inc., et al.

Page 16

1      complaints that you have as to the process that

2      we followed.

3          The issue is more significant, what is a

4      responsiveness review.  That's more significant,

5      because we did not understand until we met on

6      July 5 at your office that you guys in the prior

7      responsiveness review you were doing had used

8      that 16 key customer limitation.  And I learned

9      that then.

10         And for other aspects of your objections,

11     they aren't nearly as clear as even that key

12     customer limitation.  And so if there is no other

13     sort of categorical limitation, that's fine.

14         What I don't think is sort of possible to do

15     is for someone to see a document that says

16     RoadSync and then for them to separately refer to

17     all of our requests and all of your objections

18     and determine whether or not it fits within

19     whatever the area of kind of allowed production

20     to be.

21         I just don't think that's likely what's

22     going on.  If you are representing to me that's

23     what in fact you are doing with all of those

24     requests, then okay.

25         But then it comes back to, is there some

Case 1:21-cv-03420-MLB    Document 185-16    Filed 09/12/23    Page 18 of 33

Conference of Attorneys                    September 8, 2023
Roadsync, Inc. v. Relay Payments, Inc., et al.

Page 17

1    sort of categorical limitation that you are

2    implying because of, for instance, an objection

3    that it is unduly burdensome or broad or

4    something to that effect, something that might be

5    considered a generic or boilerplate objection.

6         MS. STONE:  A couple of things about that.

7    I understand your position that you didn't know

8    about the 16 customer limitation until -- hang

9    on, excuse me just one second.

10        MR. CHALLY:  You're fine.

11        (Pause.)

12        MS. STONE:  So you know, I understand your

13   position that you didn't know about the 16

14   customer.  We think we could not have been

15   clearer about that, and all of the various

16   correspondence and in our RNOs, but I am not here

17   to retread that ground.

18        We are literally going document by document

19   and looking at the requests.  So, you know, there

20   are documents and I think Ryan mentioned some of

21   these at the Court hearing last week, that hit on

22   the term RoadSync because it was a document that

23   was sent from a doctor to Ryan Droege both to his

24   gmail and to his RoadSync email address that has

25   absolutely nothing do with anything.  That is not

Page 18

1    being produced.  It is not responsive to any

2    request, just because it hits on the term

3    RoadSync.

4         If it is about the company RoadSync, we are

5    producing that, if it is a communication about

6    it.  So I mean, again, you are going to get our

7    production later today.

8         I feel very confident that we have gone

9    above and beyond in what we are producing to you.

10   So, you know, we literally do have spreadsheets

11   of all of the requests to go through and to look

12   at what has to be produced, and a lot of the

13   requests are incredibly broad and we are

14   producing.  So we are reviewing the documents.

15        MR. CHALLY:  So I mean, I appreciate that.

16   That's kind of what I was just trying to get a

17   sense of for the last few days.

18        I think what, just let me give you a

19   hypothetical.  So let's say it is an internal

20   discussion that mentions a RoadSync funding

21   round.  Is that something that you would consider

22   to be responsive or not?

23        MS. STONE:  I have not seen a document like

24   that, but if I did see a document like that, I

25   would mark it for production.

Conference of Attorneys                           September 8, 2023
Roadsync, Inc. v. Relay Payments, Inc., et al.

                                                        Page 19

1          MR. CHALLY:  And if it is a document that is

2     a communication related to what RoadSync may be

3     doing in the market, whether that be something

4     that's publicly known or something that folks at

5     Relay learned from connections they have to

6     RoadSync, is that something that you would think

7     would be produced?

8          MS. STONE:  Yes.

9          MR. CHALLY:  I am just trying to get a

10    sense.

11         MS. STONE:  Yes, so again, I don't want it

12    to be to become an issue when you don't see those

13    documents because I haven't seen those documents.

14    But if I saw those documents, that would be

15    produced.

16         So I don't want you to think that the lack

17    of those documents means we are withholding it.

18    We are not.  But, yes, that type of stuff would

19    be produced if it existed.

20         MR. CHALLY:  Fair enough.  And then as it

21    relates to like substitute RoadSync there for

22    Robin, correct, assuming such, those kind of

23    documents exist, are those the kind of things

24    that you would think would be responsive to the

25    requests that be produced?

Conference of Attorneys                    September 8, 2023
Roadsync, Inc. v. Relay Payments, Inc., et al.

Page 20

1          MS. STONE:  Yes.  Again, I don't think

2     those, at least in the -- I haven't reviewed

3     every single document that's being produced,

4     there have been a lot of attorneys working, but

5     from what I have seen, I don't think that that

6     exists, but if it does, that is getting produced.

7          MR. CHALLY:  Okay.  We will take a look.  I

8     am just trying to get a sense for that.  I

9     appreciate you giving me that.  That's helpful.

10          That's all the questions that I have.  We

11     will look for the collection dates when you are

12     able to send them, Julia.

13          And we will get back to you on Monday about

14     the evidentiary hearing thing.  You guys can look

15     at what we make available to you and go from

16     there.

17          MS. STONE:  So I had one other thing to talk

18     about, and I don't know if Ryan has anything

19     else.  Deposition dates, we have gotten dates

20     from our clients.  They don't have a lot of

21     availability, but Ryan can be available on the

22     22nd and then having the 30(b)(6) on the 25th and

23     Spencer can be available on the 27th.

24          So just let us know about that.  But we

25     would like to get their schedules and everybody

Conference of Attorneys                          September 8, 2023
Roadsync, Inc. v. Relay Payments, Inc., et al.

Page 21

1    locked down and trying to give you all enough

2    time to review what we are about to produce.

3            MR. CHALLY:  You said the 22nd, the 25th and

4    then what?

5            MS. STONE:  The 27th.

6            MR. CHALLY:  Okay.  I know Josh and Katie

7    have a hearing on the 25th, so we just will need

8    to juggle a little bit, but why don't you let us

9    talk about it and we will try to make those dates

10   work.

11           MS. STONE:  Thank you.

12           MR. CHALLY:  So you are going to get a

13   privilege log; you are going to get from

14   Downgrade Productions today.  We also, as we told

15   you all, went about trying to go through the

16   confidentiality designations again and you are

17   going to get that as well.

18           Our vendor told us a little while ago that

19   that might be early in the morning before that

20   overlay production is complete for the

21   confidentiality designations.  But you will get

22   that just as soon as we can transmit it to you.

23           The rest of the stuff you should have at

24   some point either from Bryan or from the vendor

25   directly this evening.

Conference of Attorneys                    September 8, 2023
Roadsync, Inc. v. Relay Payments, Inc., et al.

Page 22

1          MR. LANDES:  Jon, the other issue is, do you

2     have any sense of when you will be able to

3     approve filing of the sanctions motion?

4          MR. CHALLY:  You said Monday, right?

5          MR. LANDES:  Right, that's what we asked

6     for.  Are you going to be able to provide

7     approval by then?

8          MR. CHALLY:  To be honest with you, I think

9     -- well, yes, we will give you a substantially

10    revised portion in light of the developments that

11    have occurred since the time we last dealt with

12    it.  We will give that to you on Monday and you

13    are welcome to do with it what you like.

14         MR. LANDES:  Okay.  And that one will have

15    your approval to file that version --

16         MR. CHALLY:  Yes.

17         MR. LANDES:  -- when you send it?

18         MR. CHALLY:  Yes.

19         MR. LANDES:  Thank you.  Okay I don't think

20    we have anything else.

21

22         (Time noted:  4:57 p.m.)

23

24

25

Conference of Attorneys                          September 8, 2023
Roadsync, Inc. v. Relay Payments, Inc., et al.

Page 23

1                    D I S C L O S U R E

2

3          I, Richard Bursky, CCR, do hereby disclose

4   pursuant to Article 10.B. of the Rules and Regulations

5   of the Board of Court Reporting of the Judicial Council

6   of Georgia that I am a Georgia CCR; Veritext Legal

7   Solutions was contacted by the party taking the

8   deposition to provide court reporting services for this

9   deposition; this deposition will not be taken under any

10   contract that is prohibited by O.C.G.A. 15-14-37(a) and

11   (b); and I am not disqualified for a relationship of

12   interest under O.C.G.A. 9-11-28(c).

13          There is no contract to provide reporting

14   services between myself, Veritext Legal Solutions, or

15   any person with whom I have a principal and agency

16   relationship and any party to the case, any counsel in

17   the case, anyone having a financial interest in the

18   case, or agents to any party to the case, any counsel

19   in the case, or anyone having a financial interest in

20   the case.  Any case-specific discounts are

21   automatically applied to all parties at such time as

22   any party receives a discount.

23

24          _____

                  Richard Bursky  CCR

25                Veritext Legal Solutions

Conference of Attorneys                    September 8, 2023
Roadsync, Inc. v. Relay Payments, Inc., et al.

                                                    Page 24

1                   CERTIFICATE OF COURT REPORTER

2

3   STATE OF GEORGIA        )

4   COUNTY OF HENRY         )

5

6        I hereby certify that the foregoing proceeding

7   was reported as stated in the caption, by the method of

8   Machine Shorthand, and the proceeding thereto was

9   reduced to typewriting by me; and that the foregoing

10  pages represent a true, correct, and complete

11  transcript of the proceeding occurring on September 8,

12  2023.

13       This the 11th day of September, 2023.

14

15

16

17

18

19

20

         _____

21           Richard Bursky, CCR

         Certified Court Reporter

22          Certificate # 2509

23

24

25

Conference of Attorneys
September 8, 2023
Roadsync, Inc. v. Relay Payments, Inc., et al.

**[& - available]**                                                     Page 1

| **&** | **3** | |
|---|---|---|

**&**  2:3,10

**0**

**03420**  1:7

**1**

**10.b.**  23:4
**10th**  2:11
**11th**  24:13
**1201**  2:4
**132**  7:9
**15**  6:11
**15-14-37**  23:10
**16**  16:8 17:8,13
**17**  4:4
**1:21**  1:7

**2**

**2023**  1:21
  24:12,13
**21**  4:18
**213.443.3000**
  2:12
**22**  4:19,20
**22nd**  20:22
  21:3
**23**  4:21
**23rd**  10:10
**2509**  24:22
**25th**  20:22 21:3
  21:7
**2613**  2:4
**2700**  2:15
**27th**  20:23 21:5

**3**

**30**  20:22
**30309**  2:5,15
**30609**  23:23
  24:19

**4**

**404.407.5250**
  2:5
**404.596.5611**
  2:16
**4:35**  1:21
**4:57**  22:22

**5**

**5**  16:6

**6**

**6**  20:22

**7**

**75**  2:14

**8**

**8**  1:21 24:11
**865**  2:10

**9**

**9-11-28**  23:12
**90017**  2:11

**a**

**able**  5:14,18
  7:25 20:12
  22:2,6
**above**  18:9
**absolutely**
  17:25

**accurately**  12:8
**actually**  4:19
  15:17
**add**  11:2
**additional**  5:16
  7:23
**address**  6:17
  17:24
**addressed**
  13:15
**addressing**
  8:19
**advantage**
  11:13
**agency**  23:15
**agents**  23:18
**ago**  21:18
**agreed**  7:8
**agreeing**  7:22
  12:23
**agreement**  5:3
  5:10,20,24 7:2
**allege**  9:12
**alleged**  10:20
**allowed**  16:19
**amounts**  7:21
**angeles**  2:11
**answer**  7:4
  8:24 10:15
**answered**
  10:13
**anymore**  7:16
**appearances**
  2:1

**applied**  23:21
**apply**  15:25
**appreciate**  8:22
  18:15 20:9
**approach**
  15:13
**appropriate**
  10:3 11:2
  15:24
**appropriately**
  12:18
**approval**  22:7
  22:15
**approve**  22:3
**area**  16:19
**argument**  10:6
**arises**  15:22
**article**  23:4
**asked**  7:3 22:5
**asking**  5:5
**aspects**  16:10
**asserted**  10:18
**assuming**  19:22
**atlanta**  1:3 2:5
  2:15
**attorneys**  1:14
  15:1 20:4
**automatically**
  23:21
**availability**
  12:5 20:21
**available**  12:13
  12:24 13:19
  20:15,21,23

Conference of Attorneys
Roadsync, Inc. v. Relay Payments, Inc., et al.
September 8, 2023

**[avoid - couple]**                                                      Page 2

| | | | |
|---|---|---|---|
| **avoid** 5:15 | **c** | **claim** 9:6,14,16 | **confident** 18:8 |
| 13:20 | | 9:19,20 10:17 | **confidential** |
| **aware** 13:2 | **c** 23:1,12 | 13:7 | 9:11 |
| **b** | **california** 2:11 | **claiming** 5:16 | **confidentiality** |
| | **call** 14:20 | **claims** 11:7 | 21:16,21 |
| **b** 20:22 23:11 | **caplan** 2:14 | 13:14 | **confused** 14:18 |
| **back** 6:20 | **caplancobb.c...** | **clarifying** 8:25 | **connections** |
| 13:16,23 14:2 | 2:16 | **clarity** 7:24 | 19:5 |
| 16:25 20:13 | **caption** 24:7 | **clear** 8:25 | **consider** 18:21 |
| **barkoff** 1:8 | **case** 1:7 8:16 | 16:11 | **considered** |
| 9:12 | 9:18 10:5,8 | **clearer** 8:22 | 17:5 |
| **based** 14:12 | 11:1 13:13 | 17:15 | **consistent** |
| **believe** 8:17 | 23:16,17,18,18 | **clients** 20:20 | 11:14 |
| 11:12,20 | 23:19,20,20 | **cobb** 2:14 | **contacted** 23:7 |
| **best** 8:1 | **categorical** | **collected** 14:25 | **contend** 8:12 |
| **beyond** 18:9 | 16:13 17:1 | **collection** 4:21 | **contended** 8:15 |
| **bit** 4:14 21:8 | **ccr** 23:3,6,24 | 20:11 | **contending** |
| **blackburn** 2:13 | 24:21 | **comes** 16:25 | 13:4 |
| **board** 23:5 | **certainly** 11:4 | **commencing** | **contention** 9:15 |
| **boilerplate** | **certificate** 24:1 | 1:21 | 14:13 15:23 |
| 17:5 | 24:22 | **comments** | **contract** 23:10 |
| **breach** 9:13 | **certified** 1:17 | 12:16 | 23:13 |
| **briefing** 8:15 | 24:21 | **communication** | **correct** 19:22 |
| 11:23 | **certify** 24:6 | 18:5 19:2 | 24:10 |
| **broad** 15:12 | **cgc** 2:6,6,7 | **company** 18:4 | **corresponden...** |
| 17:3 18:13 | **chally** 2:2,3 | **complaint** 4:16 | 17:16 |
| **brown** 11:14 | 4:24 6:9,24 7:5 | **complaints** | **council** 23:5 |
| 12:2,8,11 | 7:14 8:8,23 | 16:1 | **councill** 2:3 |
| **bryan** 21:24 | 10:13 11:4,11 | **complete** 21:20 | **counsel** 8:13 |
| **budgets** 7:19 | 12:7,15 13:2 | 24:10 | 9:5 10:17 12:5 |
| **burdensome** | 13:19,25 14:3 | **concession** 13:6 | 12:23 13:16 |
| 17:3 | 14:5,7 15:21 | **conference** | 23:16,18 |
| **bursky** 1:15 | 17:10 18:15 | 1:14 | **county** 24:4 |
| 23:3,24 24:21 | 19:1,9,20 20:7 | **conferrals** 4:11 | **couple** 17:6 |
| | 21:3,6,12 22:4 | | |
| | 22:8,16,18 | | |

Conference of Attorneys
Roadsync, Inc. v. Relay Payments, Inc., et al.
September 8, 2023

**[course - financial]**                                                    Page 3

| | | | |
|---|---|---|---|
| **course** 9:16 12:20 | **different** 4:22 9:21 | 15:3,18 17:20 18:14 19:13,13 19:14,17,23 | 11:22 12:3,6 12:11,14,20,24 13:5,11,21 20:14 |
| **court** 1:1,17 11:19 12:19,25 17:21 23:5,8 24:1,21 | **differently** 10:15 | **doing** 4:11 14:8 15:19,19 16:7 16:23 19:3 | **exact** 4:9 |
| **crr** 1:15 | **difficult** 10:14 | | **examples** 15:10 15:11 |
| **customer** 16:8 16:12 17:8,14 | **digging** 4:14,23 | **downgrade** 21:14 | **exchanges** 6:12 |
| **cv** 1:7 | **directly** 21:25 | **droege** 1:9 9:12 17:23 | **excuse** 8:13 17:9 |

| **d** |
|---|

| | | | |
|---|---|---|---|
| **d** 23:1 | **disagree** 12:15 15:23 | **due** 13:24 14:1 | **exist** 19:23 |
| **d'ambrosio** 2:2 | **disclose** 23:3 | **duty** 9:6,13 | **existed** 19:19 |
| **date** 4:9 | **disclosure** 9:17 13:15 | | **exists** 20:6 |
| **dates** 4:14,21 12:13,21 13:3 20:11,19,19 21:9 | **discount** 23:22 | | |

| **e** |
|---|

| | | | |
|---|---|---|---|
| **day** 24:13 | **discounts** 23:20 | **e** 23:1 | **f** |
| **days** 15:3 18:17 | **discovery** 10:22,25 11:5 13:13 15:4 | **earlier** 11:1 14:24 | **facilitate** 5:25 |
| **dealt** 22:11 | **discuss** 5:12 | **early** 21:19 | **fact** 16:23 |
| **debated** 7:15 | **discussion** 5:15 5:18 8:18 13:17,18 18:20 | **easier** 4:3 6:5 | **fair** 19:20 |
| **defendants** 1:10 2:17 | **dismiss** 8:15 | **effect** 17:4 | **fall** 15:9 |
| **depending** 4:10 | **disqualified** 23:11 | **either** 14:8,12 21:24 | **features** 8:16 9:1,3,7,10,19 9:24 10:4,18 10:21 11:1,5,6 13:12 |
| **deposition** 6:10 6:20 20:19 23:8,9,9 | **district** 1:1,2 | **email** 6:12 7:8 8:9 9:9 14:23 17:24 | **feel** 5:23 18:8 |
| **designations** 21:16,21 | **division** 1:3 | **emanuel** 2:10 | **fiduciary** 9:6 9:13 |
| **determine** 10:11 16:18 | **docket** 7:9 | **engaged** 6:12 | **figueroa** 2:10 |
| **developments** 22:10 | **doctor** 17:23 | **envision** 12:10 | **figure** 5:7 |
| | **document** 4:7 4:15 9:2 16:15 17:18,18,22 18:23,24 19:1 20:3 | **esquire** 2:2,2,3 2:9,13 | **file** 9:23 11:17 12:17,17 22:15 |
| | | **evening** 21:25 | **filing** 13:24 22:3 |
| | **documents** 4:16 14:25 | **everybody** 14:20 20:25 | **filings** 10:18 |
| | | **evidentiary** 6:2 8:10,11 10:7 10:11 11:10,20 | **financial** 7:10 7:18,19,21 |

Conference of Attorneys
September 8, 2023
Roadsync, Inc. v. Relay Payments, Inc., et al.

**[financial - julia]**                                                    Page 4

| | | | |
|---|---|---|---|
| 23:17,19 | 22:9,12 | 10:11 11:10,20 | 7:23 9:11,11 |
| **fine**  4:24 5:2 | **given**  15:10 | 11:22 12:3,6 | **insanely**  4:6 |
| 6:7,22 7:12 | **giving**  13:6 | 12:11,14,20,24 | **insert**  10:9 |
| 10:9 11:11,12 | 15:14,16 20:9 | 13:5,11,21 | **instance**  13:12 |
| 11:24 16:13 | **gmail**  17:24 | 17:21 20:14 | 17:2 |
| 17:10 | **go**  6:11,20 7:5 | 21:7 | **interest**  23:12 |
| **fits**  16:18 | 12:10 13:16 | **helpful**  20:9 | 23:17,19 |
| **five**  6:16,19 | 18:11 20:15 | **henry**  24:4 | **internal**  18:19 |
| **floor**  2:11 | 21:15 | **hit**  17:21 | **interrogatories** |
| **folks**  10:20 | **going**  4:15,16 | **hits**  18:2 | 9:3 |
| 19:4 | 4:25 5:1,19,21 | **honest**  5:4 22:8 | **interrogatory** |
| **followed**  16:2 | 7:14 8:12 9:14 | **honestly**  14:18 | 8:14 |
| **foregoing**  24:6 | 9:18,23 10:2,8 | **hoped**  5:14 | **ish**  5:1 |
| 24:9 | 10:25 13:10 | **hypothetical** | **issue**  7:13 9:7 |
| **fourteenth**  2:14 | 14:13 16:22 | 18:19 | 11:6 12:14 |
| **friday**  6:13,15 | 17:18 18:6 | | 15:21 16:3 |
| **front**  5:4 | 21:12,13,17 | **i** | 19:12 22:1 |
| **fully**  5:10 8:19 | 22:6 | | **issues**  6:6,25 |
| **functions**  8:16 | **good**  8:23 | **identify**  14:9 | |
| 9:2,4,7,10,19 | **gotten**  20:19 | **immediately** | **j** |
| 9:24 10:4,19 | **great**  8:8 | 5:6 | |
| 10:22 11:1,5,6 | **ground**  17:17 | **implying**  17:2 | **james**  1:8 |
| 13:12 | **guess**  14:17 | **important**  5:7 | **jchally**  2:6 |
| **fund**  7:22 | 15:21 | **improperly** | **jgunnemann** |
| **funding**  18:20 | **gunnemann** | 9:13 | 2:6 |
| **further**  5:12 | 2:3,3 | **include**  7:18,19 | **jon**  4:2 6:5 22:1 |
| | **guys**  16:6 20:14 | 7:21 | **jonathan**  2:2 |
| **g** | | **includes**  7:22 | **josh**  21:6 |
| | **h** | **incredibly** | **joshua**  2:3 |
| **general**  14:8,15 | | 18:13 | **jstone**  2:16 |
| **generic**  17:5 | **hang**  17:8 | **indicates**  12:19 | **judge**  11:14 |
| **georgia**  1:2 2:5 | **happy**  5:25 7:4 | **indicating** | 12:2,8,10 |
| 2:15 23:6,6 | 8:2 | 11:19 | **judicial**  23:5 |
| 24:3 | **hard**  4:6 | **individually** | **juggle**  21:8 |
| **getting**  20:6 | **harder**  6:7 | 6:6 | **julia**  2:13 15:22 |
| **give**  4:12 14:15 | **hearing**  5:6 6:2 | **information** | 20:12 |
| 18:18 21:1 | 8:10,11 10:7 | 4:22 5:17,23 | |

Conference of Attorneys
September 8, 2023
Roadsync, Inc. v. Relay Payments, Inc., et al.

[july - once]

Page 5

| | | | |
|---|---|---|---|
| **july** 16:6 | **latest** 9:25 | **m** | **ne** 2:14 |
| **june** 10:10 11:3 | **law.com** 2:6,6,7 | | **near** 5:10 |
| **k** | **lawsuit** 11:7 | **machine** 24:8 | **nearly** 16:11 |
| | **lawyers** 13:21 | **maintain** 13:10 | **necessity** 13:21 |
| **katherine** 2:2 | **learned** 16:8 | **make** 10:6 | **need** 5:2,12,17 |
| **katie** 8:24 21:6 | 19:5 | 12:23 14:10 | 5:23 6:16,19 |
| **kdambrosio** | **legal** 23:6,14,25 | 20:15 21:9 | 8:4,10 10:7,10 |
| 2:7 | **legalist** 5:3,10 | **makes** 8:21 | 11:9 12:25 |
| **keep** 6:8 | 5:20 7:2 | **mark** 18:25 | 13:16 21:7 |
| **key** 16:8,11 | **light** 12:16 13:5 | **market** 19:3 | **needs** 5:16 7:15 |
| **kind** 15:9 16:19 | 22:10 | **material** 14:14 | **night** 9:9 |
| 18:16 19:22,23 | **likely** 16:21 | **materials** 14:9 | **northern** 1:2 |
| **know** 4:5,6,19 | **limit** 14:11 | 14:11 | **noted** 22:22 |
| 4:25 5:3,11 6:9 | **limitation** 16:8 | **mean** 18:6,15 | **notice** 11:19 |
| 8:4 10:14 | 16:12,13 17:1 | **means** 19:17 | **nw** 2:4 |
| 11:25 12:9 | 17:8 | **mentioned** | **o** |
| 14:20 17:7,12 | **literally** 17:18 | 17:20 | |
| 17:13,19 18:10 | 18:10 | **mentions** 18:20 | **o** 23:1 |
| 20:18,24 21:6 | **little** 4:13 9:21 | **met** 16:5 | **o.c.g.a.** 23:10 |
| **known** 19:4 | 14:17 21:8,18 | **method** 24:7 | 23:12 |
| **knows** 14:20 | **llc** 2:3 | **middle** 6:10 | **objection** 17:2 |
| **l** | **llp** 2:10 | **misappropria...** | 17:5 |
| | **locked** 21:1 | 10:21 | **objections** |
| **l** 23:1 | **log** 21:13 | **mlb** 1:7 | 14:12 16:10,17 |
| **lack** 19:16 | **look** 7:6,14 8:3 | **monday** 14:2 | **occur** 12:3 |
| **laid** 14:23 | 8:6 18:11 20:7 | 20:13 22:4,12 | **occurred** 22:11 |
| **landes** 2:9 6:4 | 20:11,14 | **money** 7:18,21 | **occurring** |
| 6:21 7:3,6 8:6 | **looking** 14:14 | **morning** 21:19 | 24:11 |
| 8:21 9:21 | 15:5 17:19 | **motion** 8:15 | **office** 16:6 |
| 10:24 11:9 | **los** 2:11 | 9:23 11:17,19 | **okay** 6:1 8:5,21 |
| 12:2,12,22 | **lot** 18:12 20:4 | 11:23 12:4 | 8:23 11:9,11 |
| 13:18,23 14:1 | 20:20 | 22:3 | 12:2 13:23 |
| 14:4,6 22:1,5 | | **n** | 16:24 20:7 |
| 22:14,17,19 | | | 21:6 22:14,19 |
| **language** 9:9 | | **narrow** 14:10 | **once** 8:3 |
| | | **ndas** 5:22 | |

Conference of Attorneys
September 8, 2023
Roadsync, Inc. v. Relay Payments, Inc., et al.

[opposition - required]
Page 6

| | | | |
|---|---|---|---|
| **opposition** 10:2 | **portion** 22:10 | **prohibited** | **redacted** 5:10 |
| **order** 12:25 | **position** 13:10 | 23:10 | 7:10 |
| **overlay** 21:20 | 17:7,13 | **protected** | **redactions** 5:21 |
| **p** | **possible** 12:5 | 10:19 | **reduced** 24:9 |
| **p.m.** 1:21 22:22 | 16:14 | **provide** 11:21 | **refer** 16:16 |
| **pages** 6:11 | **post** 4:16 | 12:21 14:13 | **reflects** 9:10 |
| 24:10 | **presented** 8:19 | 22:6 23:8,13 | **regulations** |
| **paid** 7:18 | **preview** 11:18 | **provided** 9:17 | 23:4 |
| **park's** 7:8 | **previously** 9:15 | **publicly** 19:4 | **related** 19:2 |
| **part** 8:16 9:10 | 13:8,13 | **pulled** 4:4 | **relates** 7:2 |
| 9:15,16,19 | **principal** 23:15 | **pursuant** 23:4 | 19:21 |
| 10:4,8,16,19,22 | **prior** 8:12 9:5 | **put** 9:6 | **relationship** |
| 13:7,12,14 | 9:20 10:17,18 | **q** | 23:11,16 |
| **particular** 12:1 | 12:5,23 13:16 | **question** 7:3,17 | **relay** 1:8 19:5 |
| **parties** 23:21 | 16:6 | 8:19 10:15,24 | **reported** 24:7 |
| **party** 23:7,16 | **privilege** 21:13 | 13:1 | **reporter** 1:17 |
| 23:18,22 | **privileged** 15:8 | **questions** 20:10 | 24:1,21 |
| **pause** 17:11 | **proceeding** | **quinn** 2:10 | **reporting** 23:5 |
| **payments** 1:8 | 24:6,8,11 | **quinnemanue...** | 23:8,13 |
| **peachtree** 2:4 | **process** 16:1 | 2:12 | **repositories** 4:4 |
| **people** 15:1 | **produce** 7:7,8 | **quote** 9:9 | 4:18 |
| **periods** 15:1 | 7:15 21:2 | **r** | **represent** |
| **person** 23:15 | **produced** 8:3,7 | **r** 23:1 | 24:10 |
| **personally** 15:2 | 18:1,12 19:7 | **ran** 14:22 | **representing** |
| **phone** 6:15 | 19:15,19,25 | **read** 6:6,21 | 16:22 |
| **picked** 6:14 | 20:3,6 | **really** 15:21 | **request** 7:20 |
| **piece** 5:17 | **producing** 7:11 | **reason** 4:2 | 11:22 14:18,19 |
| **plaintiff** 1:6 2:8 | 15:7,8,11 18:5 | **reasonable** | 18:2 |
| **plan** 10:6 | 18:9,14 | 7:17 | **requests** 4:10 |
| **planning** 14:10 | **production** 4:7 | **reasons** 15:22 | 9:1,2,8 15:4,5,6 |
| **please** 5:24 | 4:15 14:9 | **receives** 23:22 | 16:17,24 17:19 |
| 12:4,11 | 15:13 16:19 | **record** 13:13 | 18:11,13 19:25 |
| **point** 12:22 | 18:7,25 21:20 | **recounting** | **required** 11:20 |
| 21:24 | **productions** | 12:8 | 12:16,20 13:5 |
| | 21:14 | | 13:11,14 |

Conference of Attorneys
September 8, 2023
Roadsync, Inc. v. Relay Payments, Inc., et al.

**[respond - tell]**                                                      Page 7

| | | | |
|---|---|---|---|
| **respond** 11:23 12:18 | **rules** 23:4 | **sent** 17:23 | **stated** 24:7 |
| **response** 11:21 | **ryan** 1:9 2:9 | **separately** 16:16 | **states** 1:1 |
| **responses** 8:14 | 6:10,25 12:7 | **september** 1:21 | **stone** 2:13 4:1 |
| **responsive** 14:14 15:6 | 14:23 17:20,23 | 24:11,13 | 14:17 17:6,12 |
| 18:1,22 19:24 | 20:18,21 | **services** 23:8 | 18:23 19:8,11 |
| **responsiveness** 14:19 15:13,19 | **ryanlandes** 2:12 | 23:14 | 20:1,17 21:5 |
| 15:24 16:4,7 | | **set** 12:11 | 21:11 |
| **rest** 21:23 | **s** | **several** 15:11 | **street** 2:4,10,14 |
| **result** 11:7 | | **shorthand** 24:8 | **strike** 9:24 |
| **retread** 17:17 | **s** 2:10 23:1,1 | **signature** 23:23 | 11:18 |
| **review** 14:20 | **sanctions** 22:3 | 24:19 | **stuff** 19:18 |
| 15:20,24 16:4 | **saw** 19:14 | **significant** 16:3 | 21:23 |
| 16:7 21:2 | **saying** 6:10 | 16:4 | **substantially** 22:9 |
| **reviewed** 15:2 | 12:17 15:5 | **simply** 7:24 | **substitute** 19:21 |
| 20:2 | **says** 16:15 | 11:11 | **suggested** 11:15 |
| **reviewing** 15:1 | **schedules** 20:25 | **single** 20:3 | **suite** 2:4,15 |
| 15:2,18 18:14 | **search** 14:11,23 | **solutions** 23:7 | **sullivan** 2:10 |
| **revised** 22:10 | **second** 17:9 | 23:14,25 | **suppose** 13:16 |
| **richard** 1:15 | **secret** 8:13 9:15 | **somebody** 14:15 | **sure** 8:17 13:25 |
| 23:3,24 24:21 | 9:17,20,25 | **soon** 5:1 12:5 | **surprised** 13:4 |
| **right** 12:22 | 10:10,17,20 | 21:22 | 13:8 |
| 22:4,5 | 13:7,15 | **sort** 16:13,14 | |
| **rmr** 1:15 | **secrets** 11:3 | 17:1 | **t** |
| **rnos** 17:16 | **see** 4:16 5:17 | **sought** 10:23 | |
| **roadsync** 1:5 | 16:15 18:24 | 10:25 11:5 | **take** 6:5 20:7 |
| 7:7 10:17 | 19:12 | **specific** 23:20 | **taken** 23:9 |
| 16:16 17:22,24 | **seek** 12:9 | **spencer** 1:8 | **takes** 4:23 |
| 18:3,4,20 19:2 | **seems** 14:19 | 20:23 | **talk** 7:1 20:17 |
| 19:6,21 | **seen** 18:23 | **spreadsheets** 18:10 | 21:9 |
| **robin** 19:22 | 19:13 20:5 | **stand** 13:22 | **talked** 5:22 |
| **round** 18:21 | **send** 20:12 | **state** 24:3 | 15:10 |
| | 22:17 | | **task** 4:3 |
| | **sense** 14:15 | | **tell** 5:24 14:22 |
| | 18:17 19:10 | | |
| | 20:8 22:2 | | |

Conference of Attorneys
Roadsync, Inc. v. Relay Payments, Inc., et al.

September 8, 2023

**[term - zoom]**

Page 8

| | | | |
|---|---|---|---|
| **term** 17:22 | 10:10,16,19 | **urquhart** 2:10 | **willing** 4:1,12 |
| 18:2 | 11:2 13:7,15 | **used** 16:7 | **wish** 6:14 |
| **terms** 7:10,18 | **transcript** | **v** | **withholding** |
| 7:19,21 14:8 | 24:11 | | 19:17 |
| 14:23 | **transmit** 21:22 | **variety** 7:23 | **work** 5:25 |
| **thank** 14:4 | **tried** 5:3 | **various** 14:25 | 21:10 |
| 21:11 22:19 | **true** 24:10 | 17:15 | **working** 4:6 |
| **thereto** 24:8 | **try** 5:25 6:16 | **vary** 4:9 | 20:4 |
| **thing** 7:7 20:14 | 6:18,19 8:2 | **vendor** 21:18 | **written** 6:22,24 |
| 20:17 | 13:20 21:9 | 21:24 | 9:8 |
| **things** 6:16,17 | **trying** 5:5,7 | **veritext** 23:6,14 | **z** |
| 6:19 8:23 9:25 | 6:25 7:24 8:24 | 23:25 | **zoom** 1:19 |
| 17:6 19:23 | 9:22 10:1,11 | **version** 22:15 | |
| **think** 4:2,2 6:5 | 10:14 14:7 | **videoconfere...** | |
| 6:23 7:15 8:21 | 18:16 19:9 | 1:19 | |
| 11:9,12,13,16 | 20:8 21:1,15 | **vs** 1:7 | |
| 11:18 12:2,7 | **tuesday** 14:1 | **w** | |
| 14:1 15:15 | **two** 5:21 8:23 | | |
| 16:14,21 17:14 | 15:22 | **w** 2:4 | |
| 17:20 18:18 | **type** 19:18 | **wait** 6:4,4,4,4,4 | |
| 19:6,16,24 | **typewriting** | 6:5 | |
| 20:1,5 22:8,19 | 24:9 | **want** 4:24 6:6 | |
| **thousands** 15:2 | **u** | 6:17,21 7:1,7 | |
| **time** 6:11 9:20 | | 8:25 11:21 | |
| 21:2 22:11,22 | **u** 23:1 | 12:9 15:15,16 | |
| 23:21 | **under** 23:9,12 | 15:17 19:11,16 | |
| **today** 4:7,15 | **understand** 6:3 | **wanted** 6:14 | |
| 5:13 8:7 14:10 | 8:9 9:23 10:1 | **way** 14:11 | |
| 18:7 21:14 | 11:12 14:7 | **week** 5:2 13:24 | |
| **told** 21:14,18 | 16:5 17:7,12 | 13:25 14:24,24 | |
| **took** 9:12 | **unduly** 17:3 | 17:21 | |
| **topic** 12:1 | **unfortunately** | **weird** 15:9 | |
| **track** 6:8 | 7:25 | **welcome** 6:18 | |
| **trade** 8:13 9:15 | **united** 1:1 | 22:13 | |
| 9:17,20,25 | **unproductive** | **went** 9:1,3 | |
| | 8:18 | 21:15 | |