# Exhibit T

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROADSYNC, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO.: |
| ) | 1:21-cv-03420-MLB |
| RELAY PAYMENTS, INC., ) | |
| SPENCER BARKOFF, JAMES ) | |
| RYAN DROEGE, ) | |
| ) | |
| Defendants. ) | |

**ROADSYNC'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO RELAY PAYMENTS, INC.,
SPENCER BARKOFF, AND JAMES RYAN DROEGE (NOS. 93-94)**

Pursuant to Federal Rules of Civil Procedure 34 and 26, and the Local Civil Rules of the United States District Court for the Northern District of Georgia, Plaintiff RoadSync, Inc. requests that Defendants Relay Payments, Inc., Spencer Barkoff, and James Ryan Droege produce the following documents and things in accordance with the definitions and instructions set forth herein. Responsive documents shall be produced within thirty (30) days after service hereof.

## **DEFINITIONS**

1.  RoadSync incorporates the Definitions set forth in its First (Nos. 1-43), Second (Nos. 44-90), and Third (Nos. 91-92) Sets of Requests for Production.

## INSTRUCTIONS

1. If Defendants find the meaning of any term in any document request is unclear, then Defendants should assume a reasonable meaning, state what the assumed meaning is, and respond to the request according to the assumed meaning.

2. If Defendants contend that any document request is objectionable in whole or in part, then Defendants should (1) state with particularity the objection, the basis for it, and the categories of documents and things to which the objection applies, and (2) clearly describe the categories of documents and things that are not objected to and for which Defendants will produce documents and things.

3. If any part of a Document is responsive to any document request, then Defendants should produce the entire Document. If any Document cannot be produced in full, then Defendants should produce it to the fullest extent possible, specifying clearly the reasons for Defendants' inability to produce the remainder.

4. Each Document is to be produced along with all drafts, without abbreviation or redaction.

5. These document requests are not limited by date or time unless otherwise stated.

6. These document requests are continuing in nature. Each request shall be answered pursuant to Federal Rules of Civil Procedure 26 and 34, and supplemented as required by Federal Rule of Civil Procedure 26(e).

7. If Defendants are withholding or intend to withhold any requested Documents by reason of attorney-client privilege, work-product doctrine, or other privilege, doctrine, or immunity, please provide a privilege log providing all of the information required by Federal Rule of Civil Procedure 26(b)(5) and identifying: (i) the information, Document, or Communication alleged to be so protected by title, author, subject matter, date, type of document, number of pages, file name, file extension, attachments, and appendices; (ii) the names and job titles of all recipients of the information, Document, or Communication, including blind copy recipients and any individual to whom the information, Document, or Communication was distributed, shown, or explained; (iii) the information, Document, or Communication's current custodian; and (iv) all bases, factual and legal, upon which such protection from discovery rests.

8. Defendants shall produce documents according to the terms of the Joint ESI Discovery Protocol (Doc. 63) and any amendments thereto, unless otherwise agreed in writing between the parties.

# REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 93:**

All documents sufficient to identify the design specifications for the software Defendants are developing, or have developed, to provide logistics and/or freight payment products or services to potential customers.

**REQUEST FOR PRODUCTION NO. 94:**

A forensically sound copy of the software Defendants are developing, or have developed, to provide logistics and/or freight payment products or services to potential customers.

This 13th day of June, 2023.

*/s/ Katherine L. D'Ambrosio*
Jonathan R. Chally
Georgia Bar No. 141392
jchally@cgc-law.com
Joshua P. Gunnemann
Georgia Bar No. 152250
jgunnemann@cgc-law.com
Jennifer R. Virostko
Georgia Bar No. 959286
jvirostko@cgc-law.com
Katherine L. D'Ambrosio
Georgia Bar No. 780128
kdambrosio@cgc-law.com

        COUNCILL, GUNNEMANN &
        CHALLY, LLC
        1201 W. Peachtree Street NW
        Suite 2613
        Atlanta, GA  30309
        Phone: 404-407-5250
        Facsimile: 404-600-1624


*Counsel for Plaintiff, RoadSync, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, the within and foregoing has been sent via electronic mail to all counsel of record.

Dated:        June 13, 2023

/s/ *Katherine L. D'Ambrosio*
Katherine L. D'Ambrosio
Georgia Bar No. 780128
kdambrosio@cgc-law.com