IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|                                                                               |                               |
| ----------------------------------------------------------------------------- | ----------------------------- |
| ROADSYNC, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RELAY PAYMENTS, INC.,<br>SPENCER BARKOFF, and<br>JAMES RYAN DROEGE,<br><br>Defendants. | Case No.: 1:21-CV-03420-MLB |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO
EXTEND TIME TO RESPOND TO DEFENDANTS' MOTION TO STRIKE**

Defendants oppose RoadSync's one-week extension request (Dkt. 188) to respond to Defendants' Motion to Strike ("Motion") (Dkt. 185) because RoadSync did not advise of the purported need for a request until after Defendants had filed their opening brief, because RoadSync now has admitted (as it refused to do at the August 29 hearing) that its supposed "features and functions" trade secret was ***not*** part of the case until June 23, 2023, and because further delays will prejudice Defendants. RoadSync has not—and cannot—explain the "unanticipated or unforeseen circumstances necessitating the extension" as required by this Court for granting an extension of time. *See* Dkt. 19 at (f). Instead, while RoadSync may have once sought to move this case forward expeditiously (even opposing Defendants'

1

request for a two-week extension to file their reply brief on Defendants' motion to dismiss), RoadSync now seeks to delay resolution of this anti-competitive lawsuit, thereby further prejudicing Defendants. For the reasons set forth below, the Court should deny RoadSync's extension request. Alternatively, if the Court grants RoadSync's request, it should set the due date for opening expert reports as October 12, 2023.

*First*, RoadSync cannot claim "surprise" at either Defendants' recent filing of the Motion or the briefing schedule for that Motion. RoadSync appeared at the August 29 hearing at which the Court authorized Defendants to file the Motion and set a two-week deadline for Defendants to file. *See* August 29 Hg. Tr. at 59:6-7 ("The Court: So here's what I'm going to do. I'm going to let you file your motion."); *id*. at 74:1-7 ("Mr. Landes: . . . Your honor, timing on our motion to strike? . . . The Court: Two weeks."). Thus, RoadSync knew, no later than August 29, that Defendants would be filing their Motion by September 12.

But, instead of raising any issue with the timeline then, RoadSync waited until Defendants already had filed their Motion to request a schedule modification. *See* Dkt. 188 (requesting extension of time on September 15, three days after Defendants filed their Motion). As this Court has made clear, extensions of time "will not be granted as a matter of course [and] [p]arties seeking an extension should explain with specificity the unanticipated and unforeseen circumstances necessitating the

extension." Dkt. 19 at (f). RoadSync has failed to do so. RoadSync has not—and indeed cannot—show any unforeseen circumstances warranting a briefing schedule modification. Rather, RoadSync knew or should have known all of the facts on which it now relies. Further, while RoadSync complains about reviewing 75,000 pages of documents (Dkt. 188 at 2), RoadSync was aware at the conclusion of the August 29 hearing that the Court granted RoadSync's request for Defendants to respond further to discovery requests and therefore knew that Defendants would be producing documents. Moreover, Defendants had to review and prepare such documents for production while also drafting their Motion. The Court should deny RoadSync's requested relief, which will further delay expert discovery and the entire case schedule. Alternatively, if the Court is inclined to grant the requested relief, then Defendants respectfully request that the Court set the deadline for opening expert reports for two weeks after RoadSync completes the depositions discussed at the August 29 hearing. *See* August 29 Hg. Tr. 70:23-24 ("The Court: . . . So when you produce the documents, they have 20 days to take the deposition[s]."). RoadSync has had access to Relay's source code for three months and to the material from Defendants' forensic review for five months, and has had *years* to develop a damages case. There is no reason RoadSync should be unable to submit opening expert reports by October 12.

*Second*, while RoadSync complains about the need to respond to Defendants' Motion, RoadSync has had ***over two months*** to prepare its response to these arguments. Defendants first raised their arguments in a June 28, 2023 letter and repeated those arguments in the August 23 joint statement—all before filing these arguments again in their Motion. *Compare* Dkt. 186-5 (June 28 Letter) *with* Dkt. 175 (August 23 joint statement). These are not new issues; RoadSync knows them well and does not need more time.

*Third*, the Court should deny RoadSync's request for an extension so there can be prompt adjudication of Defendants' Motion now that RoadSync has finally admitted its new assertion of the "features and functions" trade secret. Throughout the meet and confer process—which began almost three months ago—and even at the August 29 hearing, RoadSync insisted that it had always asserted "features and functions" trade secrets. Defendants disagreed, and the Court authorized Defendants to file their Motion. On the eve of Defendants filing their Motion, RoadSync finally expressly conceded that it did not allege a "features and functions" trade secret until June 23, 2023. *See* Dkt. 185-17 at 1 (Email from J. Chally acknowledging "the first instance in which RoadSync claimed features/functions to be part of its claimed trade secrets was our 6/23 disclosure"). Had RoadSync acknowledged that fact during (or before) the August 29 hearing, the entire Motion may have been unnecessary.

*Fourth*, RoadSync should not be heard to complain about reviewing 75,000 pages of documents two weeks in advance of depositions when RoadSync itself produced more than ***730,000 pages*** of documents on August 2, ***the day before*** the deposition of RoadSync's Rule 30(b)(6) corporate designees. And RoadSync could not have been surprised as to the volume of documents, both because of the broad nature of the search terms RoadSync demanded and because RoadSync itself produced 100,000 pages of documents on September 8.

Similarly, RoadSync contends it must have more time because it will need to respond to a separate discovery dispute letter regarding RoadSync's discovery misconduct. (Dkt. 188 at 2). But once again, RoadSync was aware of this letter previously and these circumstances are not unforeseen. RoadSync received Defendants' portion of the joint statement in advance of the August 29 hearing. RoadSync actually returned its portion on August 25, but then said it did not approve filing and never provided its consent before the August 29 hearing. Only after RoadSync finally provided its first privilege log on September 8—months after withholding privileged documents and months after RoadSync improperly "clawed back" nearly 20,000 non-privileged documents as privileged—did RoadSync amend its portion of the joint statement. Defendants now need to revise the joint statement to account for RoadSync's improper withholding of documents that are not privileged (as revealed by RoadSync's log). RoadSync should not be heard to blame

Defendants for "delay" when it was RoadSync that withheld approval to file the joint statement prior to the August 29 hearing.

*Finally*, granting RoadSync's latest extension request would prejudice Defendants. As the Court is aware, Defendants believe (and the evidence reflects) that RoadSync brought this lawsuit for an improper, anti-competitive purpose and Defendants wish to promptly resolve this matter. RoadSync's repeated delays stand in stark contrast to RoadSync's position at the start of the case, when it opposed Defendants' request for a two-week extension of the time for filing its reply brief in support of its motion to dismiss—even though Defendants' counsel were in two separate trials. Time is of the essence because a ruling on Defendants' Motion will affect the scope of summary judgment motions. To be clear, in any normal situation, Defendants would grant RoadSync the courtesy of a one-week extension. But the prejudice resulting to Defendants, the delay of a prompt resolution of this issue, and equal treatment of the party's disputed requests for briefing extensions compel opposition in this instance.

For these reasons, Defendants oppose RoadSync's request. If the Court is inclined to grant it, however, Defendants request that the Court order opening expert reports due two weeks after the close of fact depositions; that is, by October 12, 2023. Opening expert reports originally were due on August 14, 2023. RoadSync represented on August 11 that it would submit opening reports by September 15,

6

absent further order of the Court. *See* Ex. A. An October 12 deadline for opening expert reports (two months after the original deadline, and one month after RoadSync previously said it would be prepared to submit reports) will ensure the case moves forward notwithstanding RoadSync's repeated delays.

Date: September 18, 2023

/s/ Ryan Landes
Ryan Landes (admitted *pro hac vice*)
**QUINN EMANUEL URQUHART**
**& SULLIVAN, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
ryanlandes@quinnemanuel.com

Andrew J. Rossman (admitted *pro hac vice*)
Ellyde R. Thompson (admitted *pro hac vice*)
Elisabeth B. Miller (admitted *pro hac vice*)
**QUINN EMANUEL URQUHART**
**& SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel: 212-849-7000
Fax: 212-849-7100
andrewrossman@quinnemanuel.com
ellydethompson@quinnemanuel.com
elisabethmiller@quinnemanuel.com
*Counsel for Defendants Relay Payments,*
*Inc., Spencer Barkoff, and James Ryan Droege*

/s/ Michael A. Caplan
Michael A. Caplan
Georgia Bar No. 601039
Julia Blackburn Stone

Georgia Bar No. 200070
Jessica A. Caleb
Georgia Bar No. 141507
Jarred A. Klorfein
Georgia Bar No. 562965
**CAPLAN COBB LLC**
75 Fourteenth Street, NE, Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604
mcaplan@caplancobb.com
jstone@caplancobb.com
jcaleb@caplancobb.com
jklorfein@caplancobb.com

# **LOCAL RULE 7.1(D) CERTIFICATION**

The undersigned counsel certifies that the foregoing document has been prepared with one of the font and point selections approved by the Court in LR 5.1(C).

This 18th day of September, 2023.

                                            */s/ Michael A. Caplan*
                                            Michael A. Caplan
                                            Georgia Bar No. 601039
                                            **CAPLAN COBB LLC**
                                            75 Fourteenth Street, NE, Suite 2700
                                            Atlanta, Georgia 30309
                                            Tel: (404) 596-5600
                                            Fax: (404) 596-5604
                                            mcaplan@caplancobb.com

# CERTIFICATE OF SERVICE

I hereby certify that, on this day, I caused a true and correct copy of the foregoing document to be filed with the clerk's office using this Court's CM/ECF system, which will automatically send notice of such filing to all counsel of record.

This 18th day of September, 2023.

> */s/ Michael A. Caplan*
> Michael A. Caplan
> Georgia Bar No. 601039
> **CAPLAN COBB LLC**
> 75 Fourteenth Street, NE, Suite 2700
> Atlanta, Georgia 30309
> Tel: (404) 596-5600
> Fax: (404) 596-5604
> mcaplan@caplancobb.com